Filed 1/21/14  In re D.D. CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re D.D., a Person Coming Under the Juvenile Court Law. | B248292 (Los Angeles County Super. Ct. No. NJ25747) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>D.D.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, John C. Lawson II, Judge.  Modified and, as so modified, affirmed.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Margaret E. Maxwell, Deputy Attorney General, for Plaintiff and Respondent.

D.D., a minor, appeals an order continuing him as a ward of the state under Welfare and Institutions Code section 602, following the juvenile court's finding he committed second degree robbery. He contends the court erred by imposing an unconstitutionally vague probation condition. D.D.'s contention has merit. Accordingly, we modify the probation condition and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 22, 2013, 12-year-old Cristian P. was walking home from a Long Beach bus stop when D.D. and a companion approached and asked if Cristian knew what time it was. Cristian checked the time on his cellular telephone. The youths then followed Cristian and demanded that he give them the telephone. Frightened, Cristian pulled the phone from his pocket, saying, " 'Okay, just don't hurt me.' " One of the robbers grabbed the phone. D.D.'s companion punched Cristian in the face. D.D. and his accomplice then fled with the phone.

On February 25, 2013, the People filed a petition under Welfare and Institutions Code section 602 alleging that D.D. committed second degree robbery. (Pen. Code, § 211.) On April 9, 2013, following a contested hearing, the juvenile court sustained the petition, ordered that D.D. remain a ward of the state, and ordered him placed in the camp-community placement program for one year, with a maximum confinement period of six years eight months. It imposed a restitution fine and ordered D.D. to pay $600 in direct victim restitution.

The juvenile court also imposed a variety of probation conditions. At the adjudication, the prosecutor observed that D.D.'s accomplice in the charged robbery was a member of the Baby Insane Crips criminal street gang. The juvenile court advised D.D. the robbery was a "strike," and that to avoid future incarceration, "you are going to have to change your life now, which means you cannot be hanging around Baby Insane gang members and think that is okay. [¶] You cannot be hanging out with Baby Insane gang members . . . ." The court orally ordered D.D. to "stay away from, and not claim . . . Baby Insane criminal street gang." After orally pronouncing the probation conditions, the juvenile court stated: "Change your life. Decide you are going to stop hanging out

2

with the wrong people, decide you are going to stop hanging out with Baby Insane criminal gang members. Stop claiming something." Attached to the court's minute order is a preprinted "Juvenile Conditions of Probation" form listing the various conditions of probation imposed. Probation condition No. 15a provides: "Do not participate in any type of gang activity." Next to condition No. 15a is the handwritten notation, "Baby Insane CSG." The juvenile court did not check condition No. 15, forbidding association with co-minors or persons disapproved of by the juvenile's parents or probation officer.

## DISCUSSION

Trial courts have broad discretion to prescribe probation conditions to foster rehabilitation and public safety. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1182.) Prohibitions against a variety of gang-related activities have been upheld when imposed upon juvenile offenders. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624, 637.) However, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890; *Moore*, at p. 1184; *In re R.P.* (2009) 176 Cal.App.4th 562, 566.) "A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 750; *Moore*, at p. 1184; *In re Sheena K.*, at p. 890.)

D.D. contends condition No. 15a is unconstitutionally vague and overbroad, fails to provide him with adequate notice of what conduct is prohibited, and must be modified to include a knowledge requirement. He urges that absent a scienter requirement, he might violate the terms of his probation without knowing "that the activity he is about to embark upon is forbidden gang activity." The People concede the point, and we agree. (See *In re Sheena K., supra,* 40 Cal.4th at pp. 890-891 [in the absence of an express knowledge requirement, a probation condition requiring that a juvenile not associate with anyone " 'disapproved of by probation' " was unconstitutionally vague]; see also *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *People v. Lopez, supra,* 66 Cal.App.4th at

p. 628.) "[T]here is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter" (*People v. Patel* (2011) 196 Cal.App.4th 956, 960), and California appellate courts routinely add an explicit knowledge requirement to such probation conditions. (*People v. Moore, supra,* 211 Cal.App.4th at pp. 1184-1185.) D.D.'s contention is cognizable on appeal despite his failure to object to the condition below. (*In re Sheena K.*, at pp. 888-889; *Moore*, at pp. 1183-1184.)

D.D. further contends that even with the addition of a knowledge requirement, condition No. 15a is unconstitutionally vague and overbroad because it fails to "specify types of activities that are prohibited."

D.D.'s overbreadth challenge lacks merit. A probation condition may be overbroad if it restricts constitutionally protected conduct. (*People v. Lopez, supra,* 66 Cal.App.4th at p. 630.) However, a probation condition may permissibly impinge upon a constitutional right if it fosters rehabilitation and protects public safety, because a probationer is not entitled to the same degree of constitutional protection as other citizens. (*Id.* at p. 624.) "The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ." ' [Citation.]" (*In re Victor L.* (2010) 182 Cal.App.4th 902, 910 (*Victor L.*).) Thus, a probation condition that would be improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. (*In re Sheena K., supra,* 40 Cal.4th at p. 889; *Victor L.*, at p. 910; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242-1243.)

Here, D.D. committed the robbery with an accomplice believed to be a Baby Insane Crips gang member. The juvenile court repeatedly stressed its view that to successfully rehabilitate, D.D. must avoid contact with Baby Insane Crips gang members. Association with gang members " 'is the first step to involvement in gang activity,' " and therefore conditions prohibiting such association are reasonably designed to prevent future criminal behavior. (*People v. Lopez, supra,* 66 Cal.App.4th at p. 624.) Thus, once

4

the scienter requirement is added to condition No. 15a, the fact it may restrict D.D.'s associations and activities does not render it unconstitutionally overbroad. (See *Victor L., supra,* 182 Cal.App.4th at p. 914.)

In support of his contention, D.D. relies upon *People v. Lopez, supra,* 66 Cal.App.4th 615, and *Victor L., supra,* 182 Cal.App.4th 902. In *Lopez,* the appellate court considered a probation condition that provided: " 'The defendant is not to be involved in any gang activities or associate with any gang members, nor wear or possess, any item of identified gang clothing, including: any item of clothing with gang insignia, moniker, color pattern, bandanas, jewelry with any gang significance, nor shall the defendant display any gang insignia, moniker, or other markings of gang significance on his/her person or property as may be identified by Law Enforcement or the Probation Officer.' " (*Lopez*, at p. 622.) To render the term "gang" constitutionally specific, *Lopez* modified the probation condition to incorporate the definition of "gang" contained in Penal Code section 186.22, subdivisions (e) and (f). (*Lopez*, at p. 634.) So modified, the probation condition unambiguously notified the probationer about the conduct required of him, and ameliorated any due process concerns. (*Ibid.*) Here, the probation condition specifically references the Baby Insane Crips, a criminal street gang, and therefore the concerns addressed in *Lopez* are not present.

In *Victor L., supra,* 182 Cal.App.4th 902, a juvenile challenged six conditions of probation as, among other things, unconstitutionally vague and overbroad. (*Id.* at p. 907.) As pertinent here, one of the conditions prohibited him from associating with persons prohibited by his parents or the probation officer; another required that he stay away from " 'areas known by him for gang-related activity.' " (*Id.* at p. 909.) To render the former condition constitutional, the court added the same type of knowledge requirement we apply here. (*Id.* at p. 912.) As to the latter condition, *Victor L.* concluded: "even with a knowledge requirement, the gang-related activities condition is impermissibly vague in that it does not provide notice of what areas he may not frequent or what types of activities he must shun. The condition, as written, is not sufficiently precise for Victor to know what is required of him." (*Id.* at p. 914.) The court found no infirmity in the use of

5

the word "gang"; in context, it was clear the court meant to refer only to "sinister" gangs. (*Id.* at p. 914.) The phrase " 'areas known by [him] for gang-related activity,' " however, was problematic. (*Id*. at pp. 913-919.) It could be misapplied by law enforcement authorities; could prohibit Victor from "coming into close contact with gang members, even short of voluntary association or participation in their activities"; was not limited to areas where Victor's own gang was active, thus excluding him from areas where any gang thrived; and could prohibit him from living, working, or attending school where gangs were active. (*Id*. at pp. 915-917.) "The ambiguity of the chosen language conjures up divergent possible definitions of the term 'gang-related activity,' and reasonable minds may differ as to precisely which 'areas' would come within the condition's purview." (*Id*. at p. 916.) The court concluded the provision could be made to pass constitutional muster if it specified the geographic parameters of the forbidden areas, making exceptions for legitimate school- or work-related activities; or, alternatively, if it further defined the nature of the prohibited activities, proscribing attendance at specific events or establishments. (*Id*. at pp. 917-918.) Because requiring the judge to include such specifications in each case would "impose an undue burden on the judiciary," *Victor L.* modified the condition of probation to provide for the probation officer to notify the juvenile of areas he was required to avoid. (*Id*. at p. 917.)

D.D. posits that in light of *Victor L.*, condition No. 15a can be made sufficiently precise by specifying "what activities conducive to criminality [are] forbidden" and including "the requirement that [he] know that the activity is a gang activity, and know exactly what gang activities are prohibited." In our view, however, the probation condition at issue here differs from that in *Victor L.* in two crucial respects: it does not purport to prohibit D.D. from being present in particular areas, and is limited to one gang, the Baby Insane Crips. Thus, the bulk of the concerns present in *Victor L.* are not present here. Any potential vagueness in condition No. 15a can be remedied by inclusion of an express knowledge requirement, and the addition of the word "criminal" before the phrase "gang activity." So modified, the condition provides adequate notice to D.D. regarding what activities are prohibited. A probation condition "need only articulate a

6

standard of conduct of sufficient precision to inform the defendant of what is required of him or her and to allow the court to determine whether a violation has occurred. [Citation.]" (*People v. Lopez, supra,* 66 Cal.App.4th at p. 629.) The prosecution need not "validate a provision which complies with this standard by demonstrating for the defendant, when the condition is imposed, every circumstance that would constitute a future violation." (*Ibid*.) "[O]nly reasonable specificity is required." (*Id*. at p. 630.)[1]

Accordingly, to provide adequate notice to D.D. and effectuate the juvenile court's expressed intent to prohibit him from associating with Baby Insane Crips gang members, probation condition No. 15a should be modified to provide that D.D. may not knowingly participate in any type of Baby Insane Crips criminal street gang activity and may not associate with persons known by him to be Baby Insane Crip gang members. (See *People v. Lopez, supra,* 66 Cal.App.4th at pp. 629-630.)

---

[1] The People point out that when orally pronouncing judgment, the juvenile court did not prohibit D.D. from engaging in gang activity; instead it prohibited his association with Baby Insane Crips gang members. Because a court's oral pronouncement of judgment generally controls over a minute order (*People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073), the People suggest condition No. 15a should be modified to exclude the gang activity component, and state only that D.D. must stay away from persons he knows, or is told by the probation officer, are members of the Baby Insane Crips criminal street gang. However, the juvenile court did not orally pronounce all conditions it intended to impose; for example, it checked several boxes on the preprinted probation conditions form that it did not expressly mention at the adjudication, including prohibitions on weapons possession and alcohol and drug use. Moreover, the court's order that D.D. must "not claim criminal Baby Insane criminal street gang," arguably encompasses the prohibition on gang activity. Under these circumstances, we are loath to dispense with the gang activity prohibition entirely.

DISPOSITION

The order continuing wardship is modified by amending probation condition No. 15a to state the following: "Do not knowingly participate in any type of criminal gang activity by the Baby Insane Crips gang; do not associate with persons whom you know are, or whom you are informed by the probation officer are, Baby Insane Crips gang members." The judgment is affirmed as so modified.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.