Filed 10/22/14  P. v. Box CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSHAWA BOX,<br><br>    Defendant and Appellant. | H040213<br>(Santa Clara County<br>Super. Ct. No. C1235255) |

Following the denial of his "*Hobbs* Motion" for discovery and to quash and traverse a search warrant and suppress evidence, defendant Oshawa Box pleaded no contest to the charged offenses pursuant to a negotiated plea agreement.  On appeal, defendant asks this court to review the appellate record, including sealed documents, to determine whether the court properly denied his *Hobbs* Motion.  (See *People v. Hobbs* (1994) 7 Cal.4th 948, 955-957, 975 (*Hobbs*); see also Pen. Code, § 1538.5, subd. (m);[1] Cal. Rules of Court, rule 8.304(b)(4)(A).)  He also raises a facial constitutional challenge to a probation condition.  (See Cal. Rules of Court, rule 8.304(b)(4)(B).)

We will modify the probation condition and affirm.

---

[1].    All further statutory references are to the Penal Code except as otherwise indicated.

# I

## *Procedural History*

By information filed November 29, 2012, defendant Box was charged with a violation of section 29800, subdivision (a)(1) (felon "who owns, purchases, receives, or has in possession or under custody or control any firearm") (count one) and section 30305, subdivision (a)(1) ("person prohibited from owning or possessing a firearm under Chapter 2 (commencing with Section 29800)" who owns, possesses, or has under custody or control, "any ammunition or reloaded ammunition") (count two). The information alleged a prior prison term. (§ 667.5, subd. (b).)

Defendant filed his *Hobbs* Motion. Under the authority of *Hobbs*, *supra*, 7 Cal.4th 948, defendant asked the superior court to conduct an in camera review of the search warrant affidavit to determine whether sufficient grounds existed to maintain the confidentiality of the informer's identity and whether the search warrant affidavit was properly sealed in whole or part. Provided the affidavit was properly sealed, defendant asked the court to also determine whether his "allegations of material misrepresentations or omission" were supported by the public and sealed portions of the affidavit. The search warrant and the return were filed as exhibits to defendant's motion.

The search warrant, endorsed for night service, authorized a search of residential premises, defendant Box, and vehicles under defendant's control for multiple items, including, among other things, cocaine, evidence related to drug sales, and firearms and ammunition. The magistrate sealed the supporting statement of probable cause, designated "Hobbs Attachment A," to protect an informant's identity. The return indicates that firearms and ammunition were seized under the search warrant.

After an in camera hearing on April 10, 2013, the court directed the prosecutor to provide defendant with a redacted version of the search warrant affidavit. Defendant's motion was heard on May 8, 2013. The court concluded that disclosure of the

2

confidential informant was not required and the affidavit provided probable cause for issuance of the warrant. The court denied the motion.

On May 13, 2013, pursuant to a negotiated plea agreement, defendant pleaded no contest to both counts and admitted the prior prison term allegation.

On August 14, 2013, the court imposed the agreed-upon disposition. It granted three years of formal probation with six months in county jail followed by six months in an electronic monitoring program. The court imposed a number of probation conditions, including the following. "You shall not own, knowingly possess, or have within your custody or control any firearm or ammunition for the rest of your life pursuant to Section 29800 and 30305 of the Penal Code" and "[y]ou shall not possess any item that under the law would be considered a deadly or dangerous weapon during your period of probation." The latter condition is now challenged on appeal.

## II

### *Discussion*

A. *Hobbs Motion*

"When a defendant seeks to quash or traverse a warrant where a portion of the supporting affidavit has been sealed, the relevant materials are to be made available for in camera review by the trial court. (*Hobbs*, *supra*, 7 Cal.4th at p. 963; see Evid. Code, § 915, subd. (b).) The court should determine first whether there are sufficient grounds for maintaining the confidentiality of the informant's identity. If so, the court should then determine whether the sealing of the affidavit (or any portion thereof) 'is necessary to avoid revealing the informant's identity.' (*Hobbs*, *supra*, 7 Cal.4th at p. 972.) Once the affidavit is found to have been properly sealed, the court should proceed to determine 'whether, under the "totality of the circumstances" presented in the search warrant affidavit and the oral testimony, if any, presented to the magistrate, there was "a fair probability" that contraband or evidence of a crime would be found in the place searched pursuant to the warrant' (if the defendant has moved to quash the warrant) or 'whether

3

the defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit, including any testimony offered at the in camera hearing' (if the defendant has moved to traverse the warrant). (*Id*. at pp. 975, 974.) The prosecutor may be present at the in camera hearing; the defendant and defense counsel are to be excluded unless the prosecutor elects to waive any objection to their presence." (*People v. Galland* (2008) 45 Cal.4th 354, 364.)

*Hobbs* protects the possibility of appellate review. "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible appellate review." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

On appeal, defendant asks this court to "independently review the sealed, in camera proceedings and the affidavit in support of the search warrant to determine whether the trial court erred in sealing portions of the affidavit and in denying [his] motion to traverse and quash the warrant." The People agree that such review is appropriate. Our review of the appellate record, including the transcript of the in camera hearing and sealed documents, does not disclose error.

B. *Weapons Condition*

Defendant argues that the condition prohibiting his possession of deadly or dangerous weapons is unconstitutionally vague and overbroad in that it lacks an express knowledge requirement.

1. *Unconstitutional Vagueness*

Citing *In re Sheena K.* (2007) 40 Cal.4th 875 (*Sheena K.*) and *People v. Freitas* (2009) 179 Cal.App.4th 747, 751-752 (*Freitas*), defendant argues that, absent an explicit knowledge requirement, this weapons condition is unconstitutionally vague.

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]"

4

(*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'  (*People v. Castenada* (2000) 23 Cal.4th 743, 751 . . . .)  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid.*), protections that are 'embodied in the due process clauses of the federal and California Constitutions.  (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).'  (*Ibid.*)"  (*Ibid.*)

"The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citations.]'  [Citation.]  A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]'  [Citation.]  In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." '  [Citation.]"  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

Potentially vague statutes may withstand constitutional challenges through clarifying or narrowing judicial construction.  (See *Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 253; *U.S. v. Lanier* (1997) 520 U.S. 259, 266 [117 S.Ct. 1219]; *Arave v. Creech* (1993) 507 U.S. 463, 471 [113 S.Ct. 1534].)  "A statute that requires scienter 'mitigate[s]' the vagueness of its other terms by helping to ensure that the defendant had adequate notice and by guarding against capricious enforcement through the requirement that he actually have intended the conduct which the statute seeks to guard against. [Citations.]"  (*Wright v. New Jersey* (1985) 469 U.S. 1146, 1152, fn. 5 [105 S.Ct. 890].)

5

A trial court's clarification of a potentially vague probation condition might also prevent unconstitutional vagueness. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 891.) The language of probation conditions, even concerning the same subject, varies enormously from case to case and it does not always correspond to a statutory crime that has been construed in a way that renders it constitutional.

The probation condition at issue in *Sheena K.* prohibited Sheena from associating " 'with anyone disapproved of by probation.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 880.) That "condition did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." (*Id.* at pp. 891-892.) The Supreme Court agreed that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional. (See, e.g., *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [probation condition modified to forbid the minor's association ' "with any person known to you to be a gang member" ']; *People v. Lopez* (1998) 66 Cal.App.4th 615, 624, fn. 5 [condition of probation modified to prohibit defendant from associating ' "with any person known to defendant to be a gang member" ']; *People v. Garcia* (1993) 19 Cal.App.4th 97, 103 . . . [condition of probation modified to provide that the defendant 'is not to associate with persons he knows to be users or sellers of narcotics, felons, or ex-felons'].)" (*Id.* at p. 892.)

Unlike *Sheena K.*, defendant does not claim that the described category, "any item that under the law would be considered a deadly or dangerous weapon," is unconstitutionally vague on its face. He does not complain that he does not know what items he may not possess. In fact, his appellate brief sets forth the legal definition of deadly or dangerous weapons. Instead, his concern is impliedly the one raised in *Freitas*.

In *Freitas*, the probation condition prohibited the defendant, a felon, from owning, possessing, or having custody or control of any firearms or ammunition. (*Freitas*, *supra*, 179 Cal.App.4th at pp. 750-751.) Defendant Freitas contended that "without the addition

of a scienter requirement, he could be found in violation of probation if he merely borrows a car and, unbeknownst to him, a vehicle owner's lawfully obtained gun is in the trunk." (*Id*. at p. 752.) The People argued that an express knowledge requirement was unnecessary because it was patent whether an object was a firearm or ammunition and also because the condition's language tracked (now former) section 12021. (*Freitas*, *supra*, at pp. 751-752.)

In *Freitas*, the Third District agreed that it was "unnecessary to specify that defendant must know a gun is a gun." (*Freitas*, *supra*, 179 Cal.App.4th at p. 752.) But it nevertheless concluded that an express knowledge requirement was needed. After considering the standard jury instruction applicable to former section 12021, the court determined that "[a] requirement of knowledge should be read into the probation condition for the same reason knowledge is required by CALCRIM No. 2510: the law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition." (*Freitas*, *supra*, at p. 752.) The court also agreed "with defendant that it is appropriate to modify the probation condition to specify that defendant not *knowingly* possess the prohibited items. (*Lopez*, *supra*, 66 Cal.App.4th at p. 630 [to avoid being void for vagueness, a probation condition must be sufficiently precise for the probationer to know what is required of him or her].)" (*Ibid*.)

We do not believe that the extent of a state's "legitimate interest" in punishment, a jurisprudential question, is relevant to the issue whether a probation condition is unconstitutionally vague on its face. If a condition's language provides adequate notice of what is prohibited, our constitutional inquiry as to facial vagueness is at an end.

In addition, unlike the condition in *Freitas*, the probation condition at issue here does not correspond to a specific criminal law. Neither is the condition explicitly limited to criminal law violations. Consequently, the probation condition does not impliedly incorporate by reference a knowledge element from the criminal law, which may be made express by modification of the condition. Since the probation condition does not clarify

7

the state of mind required to commit a violation of the condition, it fails to provide adequate notice of what is required to defendant, law enforcement, and the courts.

Citing *People v. Moore* (2012) 211 Cal.App.4th 1179 (*Moore*), *People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*), and *People v. Kim* (2011) 193 Cal.App.4th 836 (*Kim*), the People nonetheless insist that it is unnecessary to add an express knowledge requirement because such a requirement is implicit. We disagree with *Moore* and distinguish *Rodriguez* and *Kim*.

In *Moore*, *supra*, 211 Cal.App.4th 1179, the appellate court stated: "When a probationer lacks knowledge that he is in possession of a gun or weapon, his possession cannot be considered a *willful* violation of a probation condition. (*People v. Patel* (2011) 196 Cal.App.4th 956, 960.)"[2] (*Id.* at pp. 1186-1187, italics added.) We respectfully disagree with *Moore*'s assessment that a knowledge requirement is " 'manifestly implied' " in a probation condition prohibiting possession of weapons. (See *id.* at p. 1185.) To the extent other cases accept such reasoning, we disagree with them.

A requirement of actual knowledge is not necessarily subsumed in any requirement that a probation violation be willful. Various meanings are ascribed to the word "willful" in the criminal law and ordinary language. (See § 7, subd. 1, Webster's 3d Internat. Dict. (1993) p. 2617; see also, e.g., *People v. Garcia* (2001) 25 Cal.4th 744,

---

[2]      In *People v. Patel*, *supra*, 196 Cal.App.4th 956, an authority cited by *Moore*, the Court of Appeal, Third District, indicated it had wearied of continuing challenges to probation conditions and declared: "We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id.* at pp. 960-961.) A number of courts, including this court and *Moore*, declined to follow *Patel*'s global pronouncement. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351 [Sixth Dist.]; *Moore*, *supra*, 211 Cal.App.4th at p. 1188, fn. 7 [Second Dist., Div. 3]; *People v. Moses* (2011) 199 Cal.App.4th 374, 381 [Fourth Dist., Div. 3].) It is the superior courts' duty to impose constitutional probation conditions and it is the reviewing courts' responsibility to remedy constitutional defects properly raised on appeal. (See *Sheena K.*, *supra*, 40 Cal.4th at pp. 877-889.)

8

752 [willful omission requires knowledge of legally required act]; *People v. Simon* (1995) 9 Cal.4th 493, 522 [willful violation requires either knowledge or criminal negligence in failing to acquire knowledge]; *People v. Gonda* (1982) 138 Cal.App.3d 774, 779 [willful violation does not require knowledge or any other criminal intent].) Accordingly, any willfulness requirement generally applicable to probation conditions does not automatically imply an actual knowledge element.

The decisions of *Rodriguez* and *Kim* are distinguishable because the probation conditions at issue in those cases referred to at least one specific Penal Code provision. In *Rodriguez*, the weapons probation condition required the defendant to " '[n]ot possess, receive or transport any firearm, ammunition or any deadly or dangerous weapon [and] [i]mmediately surrender any firearms or ammunition you own or possess to law enforcement. (*PC 12021*)' "[3] (*Rodriguez*, *supra*, 222 Cal.App.4th at pp. 589-590, italics added.) This court reasoned in *Rodriguez*: "The weapon possession condition in this case was obviously designed to reinforce general prohibitions against possessing a variety of deadly weapons as well as specific restrictions on felons possessing firearms and ammunition. It follows that the condition has the same implicit scienter requirements as the statutes it implements. The mental element is constitutionally clear without being explicit." (*Rodriguez*, *supra*, at p. 592.)

In *Kim*, *supra*, 193 Cal.App.4th 836, this court explained that "[i]n a variety of contexts, . . . California appellate courts have found probation conditions to be unconstitutionally vague or overbroad when they do not require the probationer to have

---

[3] Former section 12021 made it a crime for certain persons to possess a firearm. (See Stats. 2011, ch. 15, § 501.5, p. 508; see also Stats. 2008, ch. 599, § 4, pp. 3423-3426.) At the time the condition in *Rodriguez* was imposed, former section 12021 had been repealed. (*Rodriguez*, *supra*, 222 Cal.App.4th at p. 591.) Provisions of former section 12021 were continued without substantive change in other statutes. (See, e.g., §§ 29800, 29805, 29810, 29815, 29820, 29825; Cal. Law Revision Com. com, 51D, Pt.4 West's Ann. Pen. Code (2012 ed.) foll. §§ 29800, 29805, 29810, 29815, 29820, 29825, pp. 194, 237, 242-243, 245, 247.)

knowledge of the prohibited conduct or circumstances." (*Id*. at p. 843.) Nevertheless, the court concluded that it was unnecessary to add an express knowledge requirement to the probation condition being challenged in that case: " 'You shall not own, possess, have within your custody or control any firearm or ammunition for the rest of your life under Section[s] 12021 and 12316 [subdivision] (b)(1) of the Penal Code.' "[4] (*Id*. at p. 840.) The court stated: "[T]he conduct proscribed by sections 12021 and 12316 is coextensive with that prohibited by a probation condition specifically implementing those statutes. As the statutes include an implicit knowledge requirement, the probation condition need not be modified to add an explicit knowledge requirement." (*Id*. at p. 847.)

The People have not shown that the trial court intended to prohibit only criminal possession of a deadly or dangerous weapon and, thereby, implicitly incorporated the knowledge element of a specific crime. We emphasize that a probation condition may regulate or prohibit otherwise lawful conduct (see *People v. Olguin* (2008) 45 Cal.4th 375, 379-380), in which case the mental states required by a criminal statute are not impliedly incorporated into the condition.

To prevent arbitrary enforcement and provide clear notice of what conduct will constitute a violation, we will modify the deadly or dangerous weapon condition to add a knowledge requirement so that it reads: "You shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon during your period of probation."

---

[4]    Former section 12316 made it a crime for certain persons to possess ammunition. (Stats. 2009, ch. 628, § 5, pp. 3162-3163.) Those provisions were continued without substantive change in another statute. (See § 30305; Cal. Law Revision Com. com, 51D, Pt.4 West's Ann. Pen. Code (2012 ed.) foll. § 30305, p. 284.)

## 2. *Overbreadth*

Defendant maintains that the deadly or dangerous weapon condition is "overbroad in that without an express knowledge requirement, it prohibits innocent conduct." Our determination that the condition must be modified by adding a knowledge requirement to avoid unconstitutional vagueness makes it is unnecessary to additionally decide the issue of unconstitutional overbreadth.

## DISPOSITION

The deadly or dangerous weapon condition is modified to provide: "You shall not knowingly possess any item that under the law would be considered a deadly or dangerous weapon during your period of probation." As modified, the judgment is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

MÁRQUEZ, J.