Filed 5/15/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>LAQUINCY HALL,<br><br>     Defendant and Appellant. | A141278<br><br>(Contra Costa County<br>Super. Ct. No. 51315225) |

A jury convicted LaQuincy Hall of possessing cocaine base for sale, and the trial court placed him on probation for three years subject to various conditions.[1] Two of the conditions admonish him to stay away from weapons and illegal drugs. On appeal, Hall argues that these conditions are unconstitutionally vague and therefore must be modified to prohibit him from *knowingly* violating them. His position conflates principles involving the vagueness of probation conditions with principles involving the mens rea necessary to establish probation violations. We hold that the conditions here are sufficiently precise, and we therefore affirm. We publish our opinion to provide additional guidance in the hope of reducing misguided appeals and unnecessary appellate modifications of probation terms.

---

[1]    Possessing cocaine base for sale is a violation of Health and Safety Code section 11351.5. We do not discuss the facts underlying Hall's conviction because they are not relevant to the issues raised on appeal.

BACKGROUND

When Hall was placed on probation, the sentencing court admonished him as follows: "You must obey all laws and all orders of the Court and of your probation officer. Any willful violation of your probation can result in you being brought back to court and the maximum sentence being imposed . . . . [¶] . . . [¶] You may not own, possess or have in your custody or control any handgun, rifle, shotgun or any firearm whatsoever or any weapon that can be concealed on your person . . . . [¶] . . . [¶] [A]s further terms of your probation, you may not use or possess or have [in] your custody or control any illegal drugs, narcotics, narcotics paraphernalia without a prescription."[2]

DISCUSSION

Hall argues that these conditions are unconstitutionally vague and must be modified to incorporate an express knowledge requirement so that he cannot be found in violation of his probation by unwittingly doing something prohibited, such as carrying a backpack that he does not know contains a weapon or eating a brownie that he does not know contains marijuana. He contends that the weapons condition must be modified to state that he "shall not *knowingly* own, possess, or have in his custody or control any handgun, rifle, shotgun, or any other firearm whatsoever, or any weapon that could be concealed on his person." And he contends that the drug condition must be modified to state that he "shall not *knowingly* use, possess or have in his custody or control any illegal drugs, narcotics, or narcotics paraphernalia without [a] prescription."

---

[2] These conditions are indicated in the minute order of the sentencing hearing by checked boxes. The first says, "Do not own or possess or control any firearm or weapon." The second says, "Not use or possess any dangerous drugs, narcotics, marijuana, or narcotic paraphernalia without prescription." Hall asserts, respondent acknowledges, and we agree that here, to the extent the minute order's description of these conditions differs from the trial court's oral pronouncement at sentencing, the oral pronouncement controls. (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.) We order that the written conditions be modified to conform to the oral pronouncement.

2

Hall's position conflates two separate concepts, vagueness and mens rea.[3]  As relevant here, the first involves the idea that a probation condition prohibiting conduct related to a category of associations, places, or items (a category condition) may be—but is not always—unconstitutionally vague unless it expressly requires the probationer to *know* that an association, place, or item is within the category.  The second involves the idea that courts may not revoke probation unless the evidence shows that the probationer willfully violated its terms.  This mens rea prevents probation from being revoked based on unwitting violations of probation conditions.  Courts sometimes confuse the distinctions between knowledge as it relates to vagueness with mens rea principles, and this confusion has led to imprecise or unnecessary appellate modifications of probation conditions.

A.     Category Conditions That Are Unconstitutionally Vague May Often Be Cured by Requiring the Probationer to *Know* a Particular Association, Place, or Item Is Within the Prohibited Category.

Trial courts have broad discretion to set conditions of probation to "foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120; see also Pen. Code, § 1203.1, subd. (j).)  In the exercise of that discretion, trial courts may prohibit otherwise lawful conduct that is "reasonably related to the crime of which the defendant was convicted or to future criminality." (*People v. Lent* (1975) 15 Cal.3d 481, 486.)  Probation conditions may even "impinge upon a constitutional right otherwise enjoyed by the probationer, who is 'not entitled to the same degree of

---

[3]     Another related concept is the doctrine of overbreadth, which we need not discuss in depth because Hall has not raised it.  Suffice it to say, overbreadth involves the scope of a directive while vagueness involves its clarity.  Whether the overbreadth doctrine applies in situations, as here, where the challenge to the directive is not based on the First Amendment is an open question.  (See *Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1095-1096, fn. 15.)  But to the extent the doctrine applies, it asks whether a prohibition goes too far by " ' "sweep[ing] unnecessarily broadly and thereby invad[ing] the area of protected freedoms." ' " (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.)  This standard is strikingly similar to the established rule requiring probation conditions that impinge on constitutional rights to be closely tailored to achieve legitimate purposes.  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

constitutional protection as other citizens.' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 624 (*Lopez*).)  But as noted above, if a condition impinges on a constitutional right, the condition must be closely tailored to the achievement of legitimate purposes.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.)

The vagueness doctrine is concerned with whether a probation condition is sufficiently clear and understandable.  (See *Sheena K., supra,* 40 Cal.4th at p. 889.)  "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Id.* at p. 890.)  "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.]  The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Ibid.*)

Consequently, "[t]he vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.]  A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.]  In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*Sheena K., supra,* 40 Cal.4th at p. 890, italics in original; see also *People v. Moore* (2012) 211 Cal.App.4th 1179, 1184 (*Moore*) [" 'A probation condition which . . . forbids . . . the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process' "].)

Conditions determined to be unconstitutionally vague include those that restrict otherwise lawful activity by broadly prohibiting "association with certain categories of persons, presence in certain types of areas, or possession [or use] of items that are not easily amenable to precise definition." (*Moore, supra,* 211 Cal.App.4th at p. 1185.) The concern with broadly prohibiting probationers from otherwise lawful conduct involving these categories is that the prohibitions may fail to give adequate notice of what probationers are supposed to avoid doing.

Under the category of prohibiting associations with certain groups of people, conditions have been held to be vague when they prohibit probationers from associating with people disapproved of by probation officers or parents (*Sheena K.*, *supra*, 40 Cal.4th at p. 892; *In re Victor L.* (2010) 182 Cal.App.4th 902, 911 (*Victor L.*)), gang members (*People v. Leon* (2010) 181 Cal.App.4th 943, 949-952 (*Leon*); *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071-1072; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 (*Justin S.*); *Lopez, supra,* 66 Cal.App.4th at pp. 628-629), felons, ex-felons, and drug sellers and users (*People v. Garcia* (1993) 19 Cal.App.4th 97, 100-102 (*Garcia*)), or minors (*People v. Moses* (2011) 199 Cal.App.4th 374, 377 (*Moses*)).

Under the category of prohibiting presence in certain locations, conditions have been held to be vague when they prohibit probationers from being in places where there are firearms or dangerous or deadly weapons (*Victor L., supra,* 182 Cal.App.4th at pp. 911-913), where sexually explicit materials are sold (*Moses, supra,* 199 Cal.App.4th at p. 377), where gang-related activity occurs (*Leon, supra,* 181 Cal.App.4th at pp. 949-952), or where alcohol is the chief item of sale (*People v. Patel* (2011) 196 Cal.App.4th 956, 961 (*Patel*).

And under the category of prohibiting the use or possession of certain items, conditions have been held to be vague when they prohibit probationers from having gang clothing or paraphernalia (*Leon, supra*, 181 Cal.App.4th at pp. 949-952; *Lopez, supra,* 66 Cal.App.4th at pp. 628-629), firearms and ammunition (*People v. Freitas* (2009) 179 Cal.App.4th 747, 751 (*Freitas*)), sexually explicit materials (*Moses, supra,* 199 Cal.App.4th at p. 377), or alcohol (*Patel, supra,* 196 Cal.App.4th at p. 961).

Appellate courts have cured unconstitutionally vague category conditions by incorporating a requirement that the probationer *know* that a particular association, place, or item falls within the prohibited category. (See, e.g., *Sheena K.*, *supra*, 40 Cal.4th at pp. 878, 892 [condition prohibiting defendant from associating with anyone " 'disapproved of by probation' " modified to require that "defendant have knowledge of who was disapproved of by her probation officer"]); *Justin S., supra,* 93 Cal.App.4th at p. 816 [condition barring gang associations modified to forbid association " 'with any person known to [the defendant] to be a gang member' "]; *Lopez, supra,* 66 Cal.App.4th at p. 624, fn. 5 [similar condition modified to forbid associations "with any person known to [the] defendant to be a gang member"]; *Garcia, supra,* 19 Cal.App.4th at p. 103 [condition barring association with drug users or sellers modified to forbid association with "persons [the defendant] knows to be users or sellers of [drugs]"].)

Incorporating this type of knowledge requirement solves the vagueness problem because it narrows the prohibited category in a way that is understandable and meaningful. A condition banning association with all gang members, for example, is vague because probationers may come into contact with people who, unbeknownst to them, belong to a gang. (*Lopez, supra,* 66 Cal.App.4th at p. 628.) Such a condition therefore fails to inform probationers in a meaningful way of whom they need to avoid. (See *Justin S., supra,* 93 Cal.App.4th at p. 816 [condition "[p]rohibiting association with gang members without restricting the prohibition to *known* gang members is ' "a classic case of vagueness" ' "], italics in original.) Modifying such a condition to require probationers to know that the person they are associating with is a gang member informs the probationers that prescience is not required and that they may have everyday interactions with people whom they have no reason to believe are in a gang.

Appellate courts have usually modified vague category conditions on a case-by-case basis to incorporate a knowledge requirement into the specific condition being challenged. But our colleagues in the Third District have taken a different approach. Frustrated with the "dismaying regularity" of having to "revisit the issue in orders of probation," they have incorporated, by operation of law, a blanket knowledge

6

requirement into all category conditions. (*Patel, supra,* 196 Cal.App.4th at p. 960 ["We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly"].) We are sympathetic to the Third District's frustration, but we join the other courts that have declined to follow its approach. (*People v. Pirali*, *supra*, 217 Cal.App.4th at p. 1351; *Moses, supra,* 199 Cal.App.4th at pp. 380-381; *Garcia, supra,* 19 Cal.App.4th at pp. 102-103.) In our view, the Third District's approach fails to solve the vagueness problem fully because it neither gives "adequate notice to those [probationers] who must observe [the conditions'] strictures" nor sufficiently protects against "the attendant dangers of arbitrary and discriminatory application." (*Sheena K., supra,* 40 Cal.4th at p. 890.) Probationers and probation officers cannot be expected to know, understand, and adhere to implied terms that, even if binding on them as a matter of law, are neither expressed by the sentencing court nor set forth in the written probation conditions. We believe that explicitly modifying vague conditions better ensures due process by informing "the probationer . . . *in advance* whether his [or her] conduct comports with or violates a condition of probation." (*Victor L.*, *supra*, 182 Cal.App.4th at p. 913, italics in original.)

This is not to say, however, that every category condition is vague just because it does not explicitly require a probationer to know that the association, place, or item is within the prohibited category. In general, a probation condition is not unconstitutionally vague when it spells out with " ' "reasonable specificity" ' " (*Sheena K., supra,* 40 Cal.4th at p. 890) what is prohibited in such a way that persons of common intelligence need not "guess at its meaning and differ as to its application." (*Moore, supra,* 211 Cal.App.4th at p. 1184.) Yet even when perfectly clear, category conditions have sometimes been needlessly modified. For example, after stating that "it is unnecessary to specify that [a] defendant must know a gun is a gun," the court in *Freitas* nonetheless modified the probation condition to specify that the defendant "must not *knowingly* own, possess or have custody or control of any firearms or ammunition." (*Freitas, supra,* 179 Cal.App.4th at pp. 752-753, italics added.) Similarly, the court in *Patel, supra,* 196 Cal.App.4th 956 modified a condition to specify that the probationer

7

not " 'knowingly' " drink " 'alcoholic beverage[s]' " or " 'possess alcohol' " even though, in our view, people know that alcohol is alcohol. (*Id.* at p. 961.) Prohibiting probationers from possessing guns or drinking alcohol is simply not nebulous, and it is unlike prohibiting them from activity involving an ambiguous category of associations, places, or items, such as associating with a gang member (whether known or unknown). In our view, there is no need to explicitly require a probationer to know that something falls within a prohibited category when the category is essentially clear.

B.     Modifying Category Conditions to Include a Mens-rea Requirement Imprecisely Addresses Vagueness Problems and Is Unnecessary.

Having concluded that vague category conditions can be made sufficiently precise with a modification requiring the probationer to know that the association, place, or item falls within the category, and having concluded that such a modification is properly made on a case-by-case basis, we turn to discuss the relationship between these modifications and the mens rea required to sustain a probation violation. We do so because Hall's proposal to modify the conditions at issue here conflates the knowledge requirement used to make a vague category more precise with mens-rea principles.

Mens rea is "the state of mind that the prosecution, to secure a conviction, must prove that a defendant had when committing a crime." (Garner, Dict. of Modern Legal Usage (3d ed. 2011) p. 572.) " '[T]he existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence.' " (*People v. Simon* (1995) 9 Cal.4th 493, 519.) Thus, with the exception of certain public-welfare offenses (see *id.*), "for a criminal conviction, the prosecution [must] prove some form of guilty intent, knowledge, or criminal negligence." (*In re Jorge M.* (2000) 23 Cal.4th 866, 872.)

"A court may not revoke probation unless the evidence supports 'a conclusion [that] the probationer's conduct constituted a willful violation of the terms and conditions of probation.' [Citation.]" (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) Thus, willfulness is the mens rea that is implicitly required for a probation violation. (*Ibid.*) "The terms 'willful' or 'willfully' . . . imply 'simply a purpose or willingness to

8

commit the act . . .,' without regard to motive, intent to injure, or knowledge of the act's prohibited character. [Citation.] . . . Stated another way, the term 'willful' requires only that the prohibited act occur intentionally." (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438; see also Pen. Code, § 7, par. 1.) The term also imports a requirement that "the person knows what he is doing." (*In re Trombley* (1948) 31 Cal.2d 801, 807; *People v. Honig* (1996) 48 Cal.App.4th 289, 334-335.) Violations due to circumstances beyond the probationer's control are not willful. (*Cervantes*, at p. 295 [deported probationer did not willfully fail to attend hearing]; *People v. Zaring* (1992) 8 Cal.App.4th 362, 379 [no willful violation where probationer's tardy appearance due to unforeseen circumstances and not due to "irresponsibility, contumacious behavior or disrespect for the orders and expectations of the court"].)

Failing to distinguish between the reasons for using a knowledge requirement to modify a vague category condition and mens-rea principles has led some appellate courts to modify conditions imprecisely or unnecessarily. To begin with, vague category conditions are sometimes modified imprecisely by requiring the probationer to not *knowingly* engage in the prohibited conduct instead of requiring the probationer to *know* the association, place, or item is in the prohibited category.[4] The former modification is less precise because "knowingly" acts as an adverb modifying the proscribed *activity* (such as associating, being present, using, or possessing), which is not the vague part of the condition. The latter modification is more precise because the probationer's knowledge acts as an adjective modifying the category, which *is* the vague part of the condition. If reasonable probationers can be confused about what falls within a prohibited category, telling them that they cannot knowingly engage in conduct related to that category may still not explain clearly what it is they are supposed to avoid doing.

---

[4]  See, e.g., *Patel, supra,* 196 Cal.App.4th at p. 959 (modifying condition prohibiting defendant from "drinking alcohol, possessing it, or being in any place where it is the chief item of sale" to include a qualification that defendant must "commit the proscribed conduct knowingly"); *Freitas, supra,* 179 Cal.App.4th at pp. 751-753 (condition modified to require defendant not to " 'knowingly own, possess or have custody or control of any firearms or ammunition' ").

9

Our state Supreme Court employed the more precise approach—requiring the probationer to know that the association, place, or item is in the prohibited category—in *Sheena K.*, *supra*, 40 Cal.4th 875.  There, after determining that a condition that the defendant " 'not associate with anyone disapproved of by probation' " was unconstitutionally vague, the court affirmed the modification of the condition to require that the "defendant have knowledge of who was disapproved of by her probation officer." (*Id.* at pp. 878, 892.)  Another example of applying this approach can be seen in *Leon, supra,* 181 Cal.App.4th 943, where the Court of Appeal cured a vague probation condition that instructed the probationer " 'not to frequent any areas of gang-related activity' " by modifying it to require the probationer " 'not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity.' " (*Id.* at p. 952.)  By requiring that the probationer know a location was in the prohibited category instead of that he "knowingly visit or remain" in a prohibited location, the modification cured the condition's vagueness by giving clearer notice of the places the probationer needed to avoid.

Finally, sentencing courts frequently identify a mens-rea requirement when they impose probation conditions, as the trial court did here by warning Hall against "[a]ny willful violation of [his] probation," and it is perfectly appropriate for them to do so.  But, contrary to Hall's argument, there is nothing that requires sentencing courts to include, or appellate courts to incorporate, a requirement that the probationer "knowingly" violate a condition in order to protect against enforcement of unwitting violations.  Our state Supreme Court has never held that any mens-rea requirement must be explicitly stated in probation conditions and has in fact suggested the opposite.  In a case involving whether a probationer had violated probation by violating a criminal statute, the court stated: "That the statute contains no reference to knowledge or other language of mens rea is not itself dispositive.  As we recently explained, the requirement that, for a criminal conviction, the prosecution prove some form of guilty intent, knowledge, or criminal negligence is of such long standing and so fundamental to our criminal law that penal statutes will often be construed to contain such an element despite their failure expressly

10

to state it. . . . ' " ' "So basic is this [mens rea] requirement that it is an invariable element of every crime unless excluded expressly or by necessary implication." ' " ' " (*In re Jorge M., supra,* 23 Cal.4th at p. 872.) We see no reason why probation conditions would need to articulate mens-rea requirements expressly when criminal statutes need not.

In short, we think the best approach is for appellate courts to incorporate an express knowledge requirement into category conditions only when necessary to cure a truly vague category, and then to do so by incorporating a requirement that the probationer *know* the association, place, or item falls within the prohibited category.

C.      The Probation Conditions at Issue Are Not Unconstitutionally Vague.

With these principles and distinctions in mind, we turn to whether the two conditions Hall challenges are unconstitutionally vague.[5] In considering the claim, we are mindful that whether a probation condition is unconstitutionally vague is a question of law reviewed de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143; *In re J.H.* (2007) 158 Cal.App.4th 174, 183.)

The first challenged condition tells Hall that he cannot "own, possess or have in [his] custody or control any handgun, rifle, shotgun or any firearm whatsoever or any weapon that can be concealed on [his] person . . . ." The second tells him he "[can]not use or possess or have [in his] custody or control any illegal drugs, narcotics, narcotics

---

[5]      Although Hall failed to object to the conditions on vagueness grounds at sentencing, he may nevertheless pursue this claim on appeal because it presents a " ' "pure question[] of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' " (*Sheena K., supra,* 40 Cal.4th at p. 889.)

11

paraphernalia without a prescription."[6]  In our view, these prohibitions are not vague because they do not forbid conduct "in terms so vague that persons of common intelligence must necessarily guess at [their] meaning and differ as to [their] application." (*Moore, supra,* 211 Cal.App.4th at p. 1184.)  Because they are not vague, these conditions require no modification and certainly not the one proposed by Hall.

We start with the weapons condition.  *Moore* concerned a nearly identical condition that provided, " 'Do not own, use, or possess any dangerous or deadly weapons, including firearms, knives, and other concealable weapons.' " (*Moore*, *supra*, 211 Cal.App.4th at p. 1183.)  We agree with *Moore* that such a condition is "sufficiently precise" for the probationer to know what is required and " 'for the court to determine whether the condition has been violated.' " (*Sheena K., supra,* 40 Cal.4th at p. 890.)

Turning to the drug condition, we conclude that it is also sufficiently precise.  We think that people of common intelligence can understand this proscription without guessing at its meaning.  After all, what is required is " ' "*reasonable* specificity," ' " not perfect specificity.  (*Sheena K., supra,* 40 Cal.4th at p. 890, italics in original.)

The only arguably vague portion of the drug condition is its directive that Hall not use or possess "narcotics, narcotics paraphernalia without a prescription."  But even accepting for the sake of argument that the phrase is inexact, we cannot conclude that it is unconstitutionally vague.  In *Village of Hoffman Estates v. Flipside, Hoffman Estates* (1982) 455 U.S. 489, the United States Supreme Court provided us with useful guidance.

---

[6]     Both conditions prohibit illegal activity:  it is a crime for convicted felons to own or possess firearms (Pen. Code, § 29800), and it is a crime under various statutes for anyone to possess or use illegal drugs, narcotics, or drug paraphernalia.  Vagueness concerns are often alleviated when probation conditions restrict unlawful activity.  (See, e.g., *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 582, 592-594 [knowledge that substances are "controlled substances" implicit in condition, based on statutes criminalizing such substances' possession, transportation, or use, although portion of condition referring to "intoxicants" modified to include "express knowledge requirement" because that category "susceptible of different interpretations" and not "regulated by statute"]; *Moore, supra,* 211 Cal.App.4th at p. 1186 [reference to " 'dangerous or deadly weapon' " not unconstitutionally vague based on legal definitions of that phrase].)

12

In that case, an owner of a shop brought a facial-vagueness challenge to a city's ordinance banning the sale of drug paraphernalia. In rejecting the challenge, the court explained that the degree of vagueness tolerated by the federal Constitution depends in part on the nature of the directive and whether it threatens to interfere with speech. (*Id.* at pp. 498-499.) Here, the nature of the directive is not a generally applicable enactment but is instead a probation condition that applies only to one person. (See *id.* at p. 495 [a party "who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others"]; see also *Bamboo Brothers v. Carpenter* (1982) 133 Cal.App.3d 116, 126 [considering nature of enactment in upholding anti-drug paraphernalia ordinance].) Furthermore, the condition does not restrict any activities protected by the First Amendment. In our view, a person of common intelligence in Hall's position—i.e., someone who has been convicted of possessing cocaine base for sale—would understand what was meant when told not to use or possess "narcotics, narcotics paraphernalia without a prescription" while on probation.

Hall insists that the word "knowingly" must be incorporated into the conditions because without it he could be found to violate probation by unwittingly doing something prohibited. He argues that without such a modification he could be found to have violated the weapons condition if he carried a backpack or borrowed a jacket that, unbeknownst to him, contained a weapon. Similarly, he argues he could be found to have violated the drug condition if he "willfully" drove a car but did not know someone had placed illegal drugs inside it or if he "willfully" ate a brownie without knowing it was laced with marijuana.

Hall's concerns are misplaced and arise out of his misunderstanding of the distinctions between mens rea and the rationale for modifying vague category conditions. The implied mens rea of willfulness must be established to find a probation violation, and this protects Hall from being punished for an unwitting failure to comply with a condition. If he borrows a jacket but does not know it contains a weapon or eats a brownie but does not know it contains marijuana, he will lack the necessary mens rea to

13

be found in violation of his probation. As *Moore* explained, in the unlikely event probationers find themselves in "unknowing and inadvertent possession" of a weapon or unwittingly using a drug, their "lack of knowledge would prevent a court from finding [them] in violation of probation." (*Moore, supra,* 211 Cal.App.4th at pp. 1186-1187.) In short, the weapons and drug conditions are sufficiently precise, and they do not need to be modified in the manner Hall proposes because the mens rea generally applicable to probation conditions precludes the finding of unwitting violations.

In closing, we summarize our conclusions. First, probation conditions that prohibit conduct related to categories of associations, places, or items may be, but are not necessarily, unconstitutionally vague. Second, when such conditions *are* vague, they can often be made sufficiently clear by incorporating a qualification requiring the probationer to *know* that the association, place, or item is within the prohibited category. And third, modifying vague category conditions to incorporate a requirement that the probationer must *knowingly* violate the condition is imprecise and unnecessary to protect against unwitting violations.

DISPOSITION

The minute order of the sentencing hearing is ordered modified to conform to the trial court's oral pronouncement of the weapons and drug conditions. The weapons condition shall read, "You may not own, possess or have in your custody or control any handgun, rifle, shotgun or any firearm whatsoever or any weapon that can be concealed on your person." The drug condition shall read, "You shall not use or possess or have in your custody or control any illegal drugs, narcotics, narcotics paraphernalia without a prescription." In all other respects, the judgment is affirmed.

_____

Humes, P.J.

We concur:

_____

Margulies, J.

_____

Dondero, J.

*People v. Hall* (A141278)

15

Trial Court:                    Contra Costa County Superior Court

Trial Judge:                    Honorable Leslie G. Landau

Counsel for Appellant:          Patrick McKenna, under appointment by the First
                                District Appellate Project

Counsel for Respondent:         Kamala D. Harris, Attorney General, Gerald A. Engler,
                                Chief Assistant Attorney General, René A. Chacón,
                                Supervising Deputy Attorney General, Nanette
                                Winaker, Deputy Attorney General