[No. B236858. Second Dist., Div. Three. Dec. 12, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE MOORE, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Under California Rules of Court, rules 8.1100 and 8.1110, only the Introduction, Factual and Procedural Background, part III. of the Discussion and the Disposition are certified for publication.

**COUNSEL**

Nixon Peabody, Michael Zweiback, Jason Gonzalez and Michael O. Azat for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

Defendant and appellant Jesse Moore appeals his convictions for attempted second degree robbery and misdemeanor vandalism. In the published portion of this opinion, we conclude a probation condition prohibiting Moore from owning, possessing, or using dangerous or deadly weapons is not unconstitutionally vague, and need not be modified to include a knowledge requirement. In the unpublished portion, we conclude the evidence was sufficient and the prosecutor did not commit prejudicial misconduct. Accordingly, we affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

I. *Facts.*

a. *People's evidence.*

On October 15, 2010, at approximately midnight, Juan Manuel Pineda Hernandez[1] was in Alhambra, walking home from work. Moore approached Pineda and asked for a cigarette. Pineda, whose first language was Spanish, spoke "a little" English and understood Moore's request. Pineda smelled alcohol on Moore's breath. Pineda told Moore he did not speak English and did not have any cigarettes. Moore became irate and raised his voice, saying, " 'talk to me in English.' " Pineda reiterated that he did not speak English. Moore replied, " 'Fuck you. I'll kick your ass,' " and asked where Pineda was from. Pineda continued walking toward his home.

Moore grabbed Pineda's sleeve, and Pineda pulled away. At the same time, Pineda answered his cellular telephone. Moore grabbed the phone. When Pineda threatened to call police, Moore said " 'fuck the police' " and broke the phone. When Pineda reached for the phone, Moore swung at Pineda, landing a punch on Pineda's shoulder and face. Moore stated, " 'Do you have money,' " " 'give me money,' " or something similar. He attempted to reach inside Pineda's rear pants pocket, where Pineda carried his wallet. The men struggled and Moore tried to push Pineda to the ground. Pineda landed on his knees, stood back up, and ran toward his house, with Moore chasing him. Moore threw the phone at Pineda, hitting him in the back. When Pineda reached his nearby home, a neighbor summoned police.

---

[1] The parties refer to the victim as "Pineda." In the interest of clarity, we do so as well.

### b. *Defense evidence.*

Moore testified in his own behalf. He admitted that on the night of October 15, 2010, he was drunk, approached Pineda, and asked him for a cigarette. Pineda politely told Moore he did not speak English, and Moore's efforts to strike up a conversation with Pineda were unsuccessful. Moore then thought to himself, " 'Fuck this dude. He speaks English.' " Moore ran up to Pineda, who was talking on his cellular telephone, and grabbed the phone. It broke. Pineda ran, screaming in English, " 'Call the police. Call the police.' " Moore screamed after him, " 'You speak English now, don't you, you mother f—er.' " Moore threw the phone at Pineda.

Moore denied demanding money from Pineda, reaching for Pineda's pocket, grabbing his sweater, punching him, or pushing him to the ground. He never intended to rob Pineda. His only mention of money was to inform Pineda he did not have money to pay for cigarettes.

### II. *Procedure.*

Trial was by jury. Moore was convicted of attempted second degree robbery (Pen. Code, §§ 664, 211)[2] and misdemeanor vandalism (§ 594, subd. (a)). The trial court suspended imposition of sentence and placed Moore on probation for a term of three years, on condition he serve a year in jail. It imposed a restitution fine, a suspended probation restitution fine, a court security fee, a crime prevention fine, and a criminal conviction assessment, and ordered Moore to pay victim restitution. Moore appeals.

### DISCUSSION

### I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### III. *Probation conditions.*

The trial court imposed a variety of probation conditions, including the following: "Do not own, use, or possess any dangerous or deadly weapons, including firearms, knives, and other concealable weapons." Moore contends that this condition, which lacks a scienter requirement, is unconstitutionally vague and must be modified. Relying on *People v. Freitas* (2009) 179 Cal.App.4th 747 [102 Cal.Rptr.3d 51], he posits that without addition of an express knowledge requirement, he could be found in violation of probation for unwitting possession of a weapon.

■ Although Moore did not object to the challenged condition below, his contention is cognizable on appeal because it presents a pure question of law

---

[2] All further undesignated statutory references are to the Penal Code.

*See footnote, *ante*, page 1179.

that may be resolved without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 887–888 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*); *People v. Kim* (2011) 193 Cal.App.4th 836, 842 [122 Cal.Rptr.3d 599]; *People v. Freitas, supra,* 179 Cal.App.4th at p. 750.)

■ Trial courts have broad discretion to prescribe probation conditions to foster rehabilitation and protect public safety. (*People v. Anderson* (2010) 50 Cal.4th 19, 26 [112 Cal.Rptr.3d 685, 235 P.3d 11]; *People v. Olguin* (2008) 45 Cal.4th 375, 379 [87 Cal.Rptr.3d 199, 198 P.3d 1]; *People v. Leon* (2010) 181 Cal.App.4th 943, 948 [104 Cal.Rptr.3d 410].) A probation condition that imposes limitations upon constitutional rights must be narrowly tailored to achieve legitimate purposes. (*Sheena K., supra,* 40 Cal.4th at p. 890; *People v. Olguin, supra,* at p. 384; *People v. Kim, supra,* 193 Cal.App.4th at p. 843.) Further, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Sheena K., supra,* at p. 890; see *People v. Leon, supra,* at p. 949; *In re R.P.* (2009) 176 Cal.App.4th 562, 566 [97 Cal.Rptr.3d 822].) "A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process." (*People v. Freitas, supra,* 179 Cal.App.4th at p. 750; see *In re R.P., supra,* at p. 566.) The "underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' . . . ." (*Sheena K., supra,* at p. 890; see *In re R.P., supra,* at p. 566.)

■ Beginning with *People v. Garcia* (1993) 19 Cal.App.4th 97 [23 Cal.Rptr.2d 340], California appellate courts have routinely added an explicit knowledge requirement to probation conditions prohibiting a probationer from associating with certain categories of persons, frequenting or remaining in certain areas or establishments, and possessing certain items. (*People v. Kim, supra,* 193 Cal.App.4th at pp. 843–845, and cases cited therein.)[6]

---

[6] See, e.g., *Sheena K., supra,* 40 Cal.4th at page 892 (association with persons disapproved of by probation); *People v. Garcia, supra,* 19 Cal.App.4th at pages 100, 102 (association with felons, ex-felons, and narcotics users or sellers); *People v. Lopez* (1998) 66 Cal.App.4th 615, 628–629 [78 Cal.Rptr.2d 66] (association with gang members and possession of gang clothing or paraphernalia); *People v. Freitas, supra,* 179 Cal.App.4th at page 751 (possession of stolen property, firearms, and ammunition); *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [113 Cal.Rptr.2d 466] (association with gang members); *In re Victor L.* (2010) 182 Cal.App.4th 902, 911–913 [106 Cal.Rptr.3d 584] (association with persons disapproved of by parents or probation officer; presence in areas where dangerous or deadly weapons, or firearms are present); *People v. Moses* (2011) 199 Cal.App.4th 374, 377 [131 Cal.Rptr.3d 106] (possession of sexually explicit materials and presence where such items are viewed or sold; association

"[T]here is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter." (*People v. Patel, supra*, 196 Cal.App.4th at p. 960.)

*Freitas*, relied upon by Moore, modified a probation condition prohibiting the defendant from owning, possessing, or having custody or control of any firearms or ammunition to incorporate an express scienter requirement. (*People v. Freitas, supra*, 179 Cal.App.4th at pp. 749, 751–752.) *Freitas* acknowledged that firearms and ammunition were readily recognizable, and it was "unnecessary to specify that defendant must know a gun is a gun." (*Id.* at pp. 751–752.) However, *Freitas* agreed with the defendant that "without the addition of a scienter requirement, he could be found in violation of probation if he merely borrows a car and, unbeknownst to him, a vehicle owner's lawfully obtained gun is in the trunk." (*Id.* at p. 752.) The court observed that former section 12021 (prohibiting felons from possessing firearms, now § 29800, subd. (a)(1)), had been construed to contain an implied knowledge requirement. Moreover, the jury instruction relevant to that offense listed knowledge as an element. *Freitas* therefore found it appropriate to modify the probation condition to add an express knowledge requirement, because "the law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a firearm or ammunition." (*People v. Freitas, supra*, at p. 752.)

The parties here do not dispute that if Moore unknowingly was to possess a weapon or firearm, he would not be in violation of probation. The parties do disagree, however, regarding whether due process requires that the probation condition be modified to include an express knowledge requirement, or whether modification is unnecessary because a knowledge requirement is already "manifestly implied." We believe the latter view is correct.

Certainly the weapons prohibition at issue here is distinct from many of the associational, presence, and possession prohibitions that are often the subject of express modifications. Where a probation condition prohibits association with certain categories of persons, presence in certain types of areas, or possession of items that are not easily amenable to precise definition, "an express knowledge requirement is reasonable and necessary. The affiliations and past history of another person may not be readily apparent without some personal familiarity. Similarly, despite the presence of gang graffiti, sites of gang-related activity may not be obvious to all. And it takes

with minors); *People v. Leon, supra*, 181 Cal.App.4th at pages 949–952 (association with gang members, possession of gang paraphernalia, presence in areas of gang-related activity); *People v. Patel* (2011) 196 Cal.App.4th 956, 961 [126 Cal.Rptr.3d 855] (possession or consumption of alcohol and presence in places where alcohol is the chief item of sale).

some experience or training to identify what colors, symbols, hand signs, slogans, and clothing are emblematic of various criminal street gangs." (*People v. Kim, supra*, 193 Cal.App.4th at p. 845.)

■ In contrast, there is no ambiguity regarding what is prohibited here: as *Freitas* pointed out, it is unnecessary to specify that defendant must know a gun is a gun. (*People v. Freitas, supra*, 179 Cal.App.4th at p. 752; *People v. Kim, supra*, 193 Cal.App.4th at p. 845 ["there is no similar uncertainty about whether an item is a firearm"].) As we explained in *In re R.P.*, the term "dangerous or deadly weapon" likewise has a clearly established meaning. (*In re R.P., supra*, 176 Cal.App.4th at pp. 567–568.) There, we held that the phrase "dangerous or deadly weapon" was not unconstitutionally vague when used in a probation condition. (*Id.* at p. 565.) After surveying the relevant statutes, case law, jury instructions, and a legal dictionary, we explained: "legal definitions of 'deadly or dangerous weapon,' 'deadly weapon,' 'dangerous weapon,' and use in a 'dangerous or deadly' manner, consistently include the harmful capability of the item and the intent of its user to inflict, or threaten to inflict, great bodily injury." (*Id.* at p. 568.) We concluded the phrase had a plain, commonsense meaning: it prohibited possession of items specifically designed as weapons, and other items not specifically designed as weapons that the probationer intended to use to inflict, or threaten to inflict, great bodily injury or death. (*Id.* at p. 570.) The condition was therefore "sufficiently precise for [the probationer] to know what is required of him." (*Id.* at p. 568.) Likewise, the weapons prohibition here is sufficiently precise to inform Moore of what is required of him, and for a court to determine whether the condition has been violated. Because Moore can have no doubt about what is prohibited, innocent or inadvertent violation of the condition is far less likely than in cases in which the parameters of the probation condition are imprecise.

■ Moore's concern that without the express addition of a scienter requirement he could be found in violation of probation for unknowing possession appears unfounded. As the People point out, a trial court may not revoke probation unless the defendant willfully violated the terms and conditions of probation. (*People v. Quiroz* (2011) 199 Cal.App.4th 1123, 1129 [131 Cal.Rptr.3d 925]; *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295 [95 Cal.Rptr.3d 858]; *People v. Galvan* (2007) 155 Cal.App.4th 978, 982 [66 Cal.Rptr.3d 426].) As *Patel* explained, it is now settled that a probationer cannot be punished for presence, possession, or association without proof of knowledge. (*People v. Patel, supra*, 196 Cal.App.4th at p. 960.) Thus, in the unlikely event that Moore finds himself in unknowing and inadvertent possession of a firearm or weapon, his lack of knowledge would prevent a court from finding him in violation of probation. ■ When a probationer

lacks knowledge that he is in possession of a gun or weapon, his possession cannot be considered a willful violation of a probation condition. (*People v. Patel, supra*, at p. 960.)

*In re Victor L.* concluded that addition of a knowledge requirement to a probation condition was necessary despite the aforementioned willfulness requirement. (*In re Victor L., supra*, 182 Cal.App.4th at pp. 912–913.) As pertinent here, *Victor L.* considered a probation condition prohibiting a juvenile from remaining " 'in any building, vehicle or in the presence of any person where dangerous or deadly weapons or firearms or ammunition exist.' " (*Id.* at p. 912.) The juvenile argued that absent a knowledge requirement, the condition was overbroad and vague: "Because other people in public places or private homes may be carrying concealed weapons without his knowledge, Victor argues that, in the absence of a knowledge requirement, he 'could easily violate the condition without even realizing it.' " (*Ibid.*) The People responded, much as they do here, that no modification was necessary because a court may not revoke probation unless the evidence supports a conclusion that the probationer's conduct is willful. (*Id.* at p. 913.) *Victor L.* rejected this argument, reasoning: "While the requirement of proof of willfulness may save Victor from an unconstitutional finding of guilt based on an unknowing probation violation, that is cold comfort to a probationer who suffers from an unfounded arrest and detention based on the whim or vengeance of an arbitrary or mean-spirited probation officer. [Citation.] [¶] Due process requires more. It requires that the probationer be informed *in advance* whether his conduct comports with or violates a condition of probation." (*Ibid.*) Similarly, *People v. Garcia, supra*, 19 Cal.App.4th 97, found an implied knowledge requirement insufficient in a probation condition that infringed upon the defendant's freedom of association, reasoning: "[T]he rule that probation conditions that implicate constitutional rights must be narrowly drawn, and the importance of constitutional rights, lead us to the conclusion that this factor should not be left to implication." (*Id.* at p. 102.)

We do not find *Victor L.* or *Garcia* applicable here. First, both cases involved conditions that potentially infringed on constitutional rights. At least insofar as it prohibits Moore from possessing a firearm, or statutorily prohibited weapons, the challenged condition does not impact Moore's constitutional rights. (See, e.g., *People v. Freitas, supra*, 179 Cal.App.4th at p. 751 ["defendant, as a felon, has no constitutional right to bear arms"]; *People v. Kim, supra*, 193 Cal.App.4th at p. 847 ["Because no constitutional right is at stake, *Garcia*'s concern about an implicit knowledge requirement is inapplicable."]; *People v. Mitchell* (2012) 209 Cal.App.4th 1364, 1369–1370 [148 Cal.Rptr.3d 33] [statutory prohibition on carrying a concealed dirk or

dagger does not violate the 2d Amend.]; § 29800, subd. (a)(1) [prohibiting felons from possessing firearms]; see generally § 16590 [prohibited weapons].)

But beyond that, the primary concern in *Garcia* and in the pertinent portion of *Victor L.* was that the probation conditions at issue failed to clearly specify what conduct was prohibited, that is, what persons or areas the probationers were required to avoid. The probation conditions were therefore not narrowly drawn, and express modification was required to provide adequate notice. In contrast, as we have explained, the probation condition at issue here provides Moore with advance notice about what conduct is prohibited, and therefore *is* narrowly drawn. The "core due process requirement of adequate notice" (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1071–1072 [96 Cal.Rptr.3d 793]) is satisfied. Unlike in *Victor L.* and *Garcia*, Moore's concern is not that he is unable to discern what conduct is prohibited. Instead, he worries that he might accidentally possess an item he would readily recognize as prohibited by the probation condition. Under these circumstances, the requirement that a violation of the weapons condition must be willful and knowing adequately protects him from being punished for innocent possession. The addition of an express knowledge requirement would add little or nothing to the probation condition.

In regard to *Victor L.*'s concern about arbitrary enforcement, *Patel* has explained: "We . . . do not discern how addressing this *specific* issue on a repetitive case-by-case basis is likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer." (*People v. Patel, supra*, 196 Cal.App.4th at p. 960; see *In re R.P., supra*, 176 Cal.App.4th at p. 569 [possibility that peace officer might attempt to enforce weapons condition as a strict liability offense did not render the condition unconstitutional]; cf. *People v. Olguin, supra*, 45 Cal.4th at p. 386, fn. 5 [defendant facing revocation of probation has the right to be represented by counsel at a hearing, and may argue that a particular application of a probation condition exceeds the bounds of reason under the circumstances].)[7]

---

[7] In *People v. Patel, supra*, 196 Cal.App.4th 956, the Third Appellate District concluded that "[i]n the interests of fiscal and judicial economy," and in light of the body of case law establishing that a probationer cannot be punished for presence, possession, or association absent proof of scienter, that court would no longer entertain the issue on appeal but would henceforth construe all such probation conditions to include a knowledge requirement. (*Id.* at p. 960.) *Patel* reasoned: "As with contracts generally, [a scienter requirement] should be considered a part of the conditions of probation" just as if it had been expressly referenced and incorporated. (*Ibid.*)

To date, *Patel*'s approach of deeming scienter requirements to be present in all probation conditions and declining to entertain the issue has not been adopted by other courts. (See *People v. Moses, supra*, 199 Cal.App.4th at p. 381 [declining to follow *Patel* on this point, stating the court's preference to modify probation conditions, and encouraging the superior

■ We also do not believe *Sheena K., supra,* 40 Cal.4th 875, compels modification. There, a probation condition requiring that the defendant not associate with " 'anyone disapproved of by probation' " was unconstitutionally vague absent an express knowledge requirement. (*Id.* at pp. 880, 891.) The provision did not notify the probationer in advance regarding what persons she must avoid, and the probation officer had the ability to preclude her association with anyone. (*Id.* at pp. 890–891.) *Sheena K.* concluded modification to impose an explicit knowledge requirement was necessary to render the condition constitutional. (*Id.* at p. 892.) Unlike in *Sheena K.,* the weapons condition here *does* notify Moore in advance regarding what conduct is prohibited, and is not unconstitutionally vague. Moore's primary concern is that he not be found in violation of probation absent knowing possession. As we have discussed, this concern is illusory given that a trial court may not revoke Moore's probation unless his violation of the weapons condition is knowing and willful. (*People v. Patel, supra,* 196 Cal.App.4th at p. 960; *People v. Quiroz, supra,* 199 Cal.App.4th at p. 1129; *People v. Cervantes, supra,* 175 Cal.App.4th at p. 295.) *Sheena K.* did not have occasion to consider whether express modification of a sufficiently precise condition was required, or the significance of the principle that a probation violation must be willful. Cases are not authority for propositions not considered. (*People v. Brown* (2012) 54 Cal.4th 314, 330 [142 Cal.Rptr.3d 824, 278 P.3d 1182].)

■ As *Kim* observed, the "function served by an express knowledge requirement should not be extended beyond its logical limits." (*People v. Kim, supra,* 193 Cal.App.4th at p. 847.) Accordingly, because the probation condition, as written, is sufficiently precise to alert Moore to what conduct is prohibited and guard against arbitrary enforcement; because a knowledge requirement is implied in the condition; and because Moore cannot be found to have violated probation absent knowing possession (*People v. Patel, supra,* 196 Cal.App.4th at p. 960), we conclude express modification of the probation condition is unnecessary.[8]

court to revise its standard probation conditions form].) While we generally agree with *Patel's* analysis, we do not follow *Patel's* approach on this point. Among other things, certain probation conditions may require more case-specific modification if they are too vague to provide a probationer with adequate notice of what conduct is prohibited.

[8] The People additionally argue that modification is unnecessary under *People v. Kim, supra,* 193 Cal.App.4th 836. There, a probation condition prohibited the defendant from owning, possessing, or having within his custody or control " 'any firearm or ammunition for the rest of [his] life under [former] Section[s] 12021 and 12316, [subdivision] (b)(1) of the Penal Code.' " (*Id.* at p. 840.) *Kim* reasoned: "[W]here a probation condition implements statutory provisions that apply to the probationer independent of the condition and does not infringe on a constitutional right, it is not necessary to include in the condition an express scienter requirement that is necessarily implied in the statute." (*Id.* at p. 843.) "[T]he conduct proscribed by [former] sections 12021 and 12316 is coextensive with that prohibited by a

## DISPOSITION

The judgment is affirmed.

Klein, P. J., and Croskey, J., concurred.

On December 13, 2012, the opinion was modified to read as printed above.

---

probation condition specifically implementing those statutes. As the statutes include an implicit knowledge requirement, the probation condition need not be modified to add an explicit knowledge requirement." (*People v. Kim, supra*, at p. 847.) In contrast to *Kim*, the probation condition at issue here does not explicitly reference statutory provisions that contain a scienter requirement; it also prohibits, in addition to firearms, the use, ownership, or possession of dangerous or deadly weapons. Therefore, *Kim*'s conclusion on this point is not directly applicable.