Filed 10/28/15  P. v. Bell CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JORDAN L. BELL,<br><br>        Defendant and Appellant. | A144174<br><br>(Contra Costa County<br>Super. Ct. No. 51209089) |

Defendant Jordan L. Bell challenges the constitutionality of five probation conditions that were imposed on him in connection with his conviction for a single count of possessing child pornography.  He argues the conditions are unconstitutionally vague and overbroad, and requests we modify four of them and strike the fifth.  The Attorney General's position is that all five conditions should be modified, although for some of the conditions, the Attorney General's proposed modifications differ from the modifications proposed by defendant.

As we explain in detail below, we will modify each of the five conditions, and affirm the judgment as modified.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2012, a detective with the Pleasant Hill Police Department detected an Internet Service Provider (IP) address sharing files suspected of being child pornography.  The detective obtained a search warrant for the IP address to determine the physical address where it was located.  The detective determined the IP address was at a residence

on Reed Way in Concord. The detective then obtained a search warrant to search computers located at the residence.

The search warrant was served on March 14, 2012. The officers performing the search found a laptop computer under a bed belonging to defendant. The detective searched the computer and discovered a shared folder containing files that depicted child pornography. The detective then interviewed defendant at the residence, where defendant said that the "stuff" on his laptop was "definitely inappropriate." Defendant was arrested and taken to the Pleasant Hill police station. There, he told the detective that the computer was his and that he put pornography on it.

Defendant was charged with one count of possessing child pornography (Pen. Code § 311.11, subd. (a)). He pled not guilty. A jury trial commenced on November 20, 2014 and, following trial, defendant was convicted on the single count. The trial court suspended imposition of defendant's sentence and placed him on formal probation for four years. This timely appeal followed.

## DISCUSSION

Defendant argues that condition numbers 6, 8, 14, 18, and 20 of his probation are unconstitutionally vague and overbroad.[1]

"Under the void for vagueness doctrine, based on the due process concept of fair warning, an order ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' (*Sheena K., supra,* 40 Cal.4th at p. 890.) The doctrine invalidates a condition of probation ' " 'so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' (*Ibid.*) By failing to clearly

---

[1] Defendant did not object to any of the five conditions as being unconstitutionally vague or overbroad to the trial court. Nevertheless, his arguments may be made for the first time on appeal "so long as they present pure questions of law based solely on facial constitutional grounds and do not require a review of the sentencing record, and are easily remediable on appeal." (*In re Victor L.* (2010) 182 Cal.App.4th 902, 907.) Thus, we will address the merits to the extent that they present " ' "pure question[s] of law, easily remediable on appeal by modification of the condition[s]." ' " (*In re Sheena K* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).)

define the prohibited conduct, a vague condition of probation allows law enforcement and the courts to apply the restriction on an ' " '*ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' " ' (*Ibid.*)" (*In re Victor L. supra*, 182 Cal.App.4th at p. 910.) "In addition, the overbreadth doctrine requires that conditions of probation that impinge on constitutional rights must be tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation." (*Ibid.*)

*Condition 6*

Condition 6 states: "That the defendant not use, possess, or have under his control any dangerous drug or narcotic paraphernalia."

Defendant argues condition 6 is vague because it does not define "dangerous drug," a term that defendant argues "could be interpreted to apply to any number of legal, even over the counter, 'drugs'[.]" Defendant also argues the condition is vague and overbroad because "the condition does not specify that the possession or control must be 'knowingly.' "

The Attorney General argues that the term "dangerous drug[]" is "sufficiently precise because, as reasonably interpreted . . . it does not include properly-administered and prescribed prescription or over-the-counter medicine in that category." However, the Attorney General agrees that the condition should have a knowledge requirement, and proposes modifying the condition to state that "defendant not use, possess, or have under his control any drug that he knows or reasonably should know, is dangerous, or narcotic paraphernalia."

In his reply brief, defendant no longer opposes the term "dangerous drug" and agrees with the Attorney General's proposal to add a knowledge requirement.

We agree that condition 6 should be modified to add a knowledge requirement. (*Sheena K., supra*, 40 Cal.4th at p. 892 [adding knowledge requirement to probation condition was necessary to prevent condition from being unconstitutionally vague].) Accordingly, this condition is modified to say: "That the defendant not use, possess, or

3

have under his control any drug *that he knows or reasonably should know* is dangerous, or narcotic paraphernalia."

*Condition 8*

Condition 8 states: "That the defendant have no contact with any minors under the age of 18, unless and until authorized by the probation officer."

Defendant argues condition 8 "is vague and overbroad without a knowledge requirement as, unless appellant asks the age of every young person he 'contacts,' he will have no way of knowing their exact age." Defendant also argues that the word "contact" is vague and overbroad because he "could 'contact' a minor while purchasing most anything from a sales person at a retail outlet, restaurant, or any other business establishment." Defendant proposes adding a knowledge requirement to the condition, as well as the phrase "except during normal daily incidental/commercial activities and transactions."

The Attorney General agrees that the condition should be modified to add a knowledge requirement. The Attorney General did not address whether the phrase "except during normal daily incidental/commercial activities and transactions" should also be added to the condition.

We agree that condition 8 should include an express knowledge requirement. (*Sheena K., supra*, 40 Cal.4th at p. 892.) We also believe that an express knowledge requirement eliminates defendant's concern that he can violate condition 8 through incidental confrontations with minors. If condition 8 contains an express knowledge requirement, it cannot be reasonably interpreted to extend to the type of incidental contact with minors described by defendant. (See *United States v. Loy* (7th Cir. 2001) 237 F.3d 251, 269 [condition prohibiting defendant from unsupervised contact with minors interpreted as not applying to "accidental or unavoidable contact with minors in public places"]; *People v. Moore* (2012) 211 Cal.App.4th 1179, 1185 [express knowledge requirement may be required for conditions "that are not easily amenable to precise definition"].) It is not necessary to add the phrase "except during normal daily incidental/commercial activities and transactions" to condition 8.

Accordingly, condition 8 is modified to say: "That the defendant have no contact with any person *he knows or reasonably should know* is a minor under the age of 18 unless authorized by the probation officer."

*Condition 14*

Condition 14 states: "That the defendant not possess at any time any type of pornography, including written pornography, pictures, videotapes, or electronic computer applications or telecommunications access to such applications and that the defendant not contact minors or person(s) he believes to be minors via the internet."

Defendant argues that the phrase "electronic computer applications or telecommunications access" makes condition 14 unconstitutionally vague because it can "possibly be[] read to prohibit the possession of phones, tablets and computers or software such as an internet browser." Defendant proposes modifying the condition to replace the phrase "electronic computer applications or telecommunications access" with "computer images." Defendant also proposes the addition of an express knowledge requirement because without such a requirement, he "could unwittingly violate the condition as there are situations where he may not know he possesses pornography or electronic computer applications."

The Attorney General responds that condition 14 "does not . . . prohibit the possession of phones, tablets, or internet browsers themselves[.]" Instead, the Attorney General argues that "examined in context, the condition simply prohibits electronic computer applications that are specifically used to access pornography." The Attorney General agrees, however, that condition 14 should have an express knowledge requirement "[w]ith regard to the prohibition on possessing pornography itself."

We agree with the Attorney General that, when read in context, condition 14 applies to electronic computer applications specifically used to access pornography and does not prohibit the possession of phones, tablets, computers, and software. The plain language of the condition states that it prohibits defendant from possessing pornography; it does not extend to all uses of electronic computer applications and telecommunications. This interpretation is buttressed by other conditions of probation which contemplate that

defendant will be able to use computer applications and telecommunications devices subject to limitations.  For example, Condition 15 states that defendant must make available to the probation officer all user ID's and passwords for computers, email, cameras, smart phones, and cell phones.  Condition 17 states that defendant must make available to the probation officer user ID's, access codes, and passwords for social networking sites, email, chat rooms, and the like.  Those conditions would have little meaning if, as defendant suggests, condition 14 prohibits him from possessing phones, tablets, computers, or software.

That said, we agree with both parties that condition 14 should contain an express knowledge requirement.  (*Sheena K., supra*, 40 Cal.4th at p. 892.)

Accordingly, condition 14 is modified to say:  "That the defendant not *knowingly* possess at any time any type of pornography, including written pornography, pictures, videotapes, or electronic computer applications or telecommunications access to such applications and that the defendant not *knowingly* contact minors or person(s) he believes to be minors via the internet."

*Condition 18*

Condition 18 states:  "That the defendant have no access to open wireless network(s).  All wireless networks must be closed and locked down, with the password provided to the probation officer.  The defendant cannot possess or use any encrypted data, files, encrypted whole disk, and encrypted volumes."

Defendant makes several terse arguments about condition 18.  According to defendant, condition 18 is "simply impossible to comply with without an express knowledge requirement" because it is "unclear how a 'closed and locked down' network differs from an 'open' network."  Defendant further contends that "open wireless networks are found everywhere including airports, restaurants, private residences, etc."  Defendant also challenges the "encrypted data" portion of condition 18, arguing that "many lawful and essential computer programs and applications contain and/or require the use of encrypted data, files, encrypted whole disk, and encrypted volumes."

6

Defendant requests we strike condition 18 in its entirety because it is "totally unworkable and unenforceable."

The Attorney General argues condition 18 should not be stricken. The Attorney General argues that the password protection requirement does not require any modification (including a knowledge requirement), because defendant "does not automatically connect to any internet connection he comes across and he has the capacity to not use the internet in situations where a password-protected network is unavailable." The Attorney General argues that the "encrypted data" portion of the condition should be modified to add an express knowledge requirement, because "a basic knowledge requirement ensures that [defendant] will not be punished for unwitting incidental interactions with encrypted data while providing [defendant] sufficient notice."

We agree with the Attorney General that the password protection portion of condition 18 does not require modification. The text of condition 18 makes clear that a "closed and locked down" network is one that requires the user to provide a password to access the internet. It states: "All wireless networks must be closed and locked down, *with the password provided to the probation officer*." (Emphasis added.) Defendant is correct that non-password protected internet networks (i.e., "open" networks) can be found in a variety of locations. However, defendant's computers or mobile devices will not automatically access those networks. Rather, an affirmative act by defendant to connect to and use the network is required. Defendant will know whether he is required to enter a password prior to accessing any network. Accordingly, this portion of condition 18 is " 'sufficiently precise for [defendant] to know what is required of him, and for the court to determine whether the condition has been violated.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.)

Regarding the encrypted data portion of condition 18, we conclude that an express knowledge requirement should be added so that defendant will not unwittingly violate the condition. (*Sheena K., supra*, 40 Cal.4th at p. 892.) We do not believe other modifications to the encrypted data portion of condition 18 are necessary. This portion of the probation condition, as modified with a knowledge requirement, is not

7

unconstitutionally vague since it will sufficiently notify defendant regarding the types of data and files he cannot use.  (See *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1351-1352 [knowledge requirement added to condition prohibiting internet access to prevent it from being unconstitutionally vague].)  We also cannot conclude that the condition is overbroad, as defendant has not explained how his inability to use encrypted files or data imposes limitations on any of his constitutional rights.  (See *Sheena K., supra*, 40 Cal.4th at p. 890 [overbreadth doctrine applies to conditions imposing limitations on a person's constitutional rights].)

Accordingly, condition 18 is modified to say:  "That the defendant have no access to open wireless network(s).  All wireless networks must be closed and locked down, with the password provided to the probation officer.  The defendant cannot *knowingly* possess or use any encrypted data, files, encrypted whole disk, and encrypted volumes."

*Condition 20*

Condition 20 states:  "That the defendant not frequent or visit places that exist primarily for the enjoyment of minors (i.e. circuses, playgrounds, arcades, amusement parks, zoos, etc.)."

Defendant argues this condition is unconstitutionally vague because it lacks a knowledge requirement.  The Attorney General agrees that because the condition "is not subject to an exclusive list of places or types of places, this term should be modified to specify that [defendant] may not visit places he knows, or reasonably should know, exist primarily for the enjoyment of children."  We agree, and modify the condition to state: "That the defendant not frequent or visit places that *he knows or should know* exist primarily for the enjoyment of minors (i.e. circuses, playgrounds, arcades, amusement parks, zoos, etc.)."

**DISPOSITION**

The five probation conditions from which defendant has appealed are modified to read as follows:  (6) "That the defendant not use, possess, or have under his control any drug that he knows or reasonably should know is dangerous, or narcotic paraphernalia";  (8) "That the defendant have no contact with any person he knows or reasonably should

8

know is a minor unless authorized by the probation officer"; (14) "That the defendant not knowingly possess at any time any type of pornography, including written pornography, pictures, videotapes, or electronic computer applications or telecommunications access to such applications and that the defendant not knowingly contact minors or person(s) he believes to be minors via the internet."; (18) "That the defendant have no access to open wireless network(s). All wireless networks must be closed and locked down, with the password provided to the probation officer. The defendant cannot knowingly possess or use any encrypted data, files, encrypted whole disk, and encrypted volumes."; (20) "That the defendant not frequent or visit places that he knows or should know exist primarily for the enjoyment of minors (i.e. circuses, playgrounds, arcades, amusement parks, zoos, etc.)."

As so modified, the judgment is affirmed.

 

 

_____
Miller, J.

We concur:

_____
Kline, P.J.

_____
Stewart, J.

A144174, *People v. Bell*