Filed 12/3/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DERON DIAMOND GAINES,<br><br>        Defendant and Appellant. | A141836<br><br>(Contra Costa County<br>Super. Ct. No. 05-132268-4) |

Defendant Deron Diamond Gaines challenges conditions of his probation requiring that he may not (1) go to any establishment where alcohol is the "chief item of sale," (2) use or possess any "dangerous drugs," and (3) own or possess any weapon that can be concealed on his person.  Defendant argues these conditions are unconstitutionally vague and therefore violate his due process rights.  We affirm in part and reverse in part.

## I.  BACKGROUND

Defendant was charged by amended information with second degree vehicle burglary (Pen. Code,[1] §§ 459, 460, subd. (b)), and felony theft (§ 484).  It was further alleged defendant had suffered seven prior convictions (six felonies and a misdemeanor), and four prior prison terms.  (§ 667.5, subd. (b).)  A jury found defendant guilty of vehicle burglary and felony theft, and the trial court found the prior conviction allegations to be true.  The court sentenced defendant to a split sentence of four years in county jail and two years on mandatory supervision.

At the sentencing, the trial court imposed several conditions of probation, including:  (1) "You shall not use, possess or have under your custody or control any

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

narcotics, dangerous drugs or narcotic paraphernalia"; (2) "You must abstain from the use of alcoholic beverages and marijuana, and you may not go to any establishment where alcohol is the chief item of sale"; and (3) "You are not to own, have in your possession, custody or control, any handgun, rifle, shotgun or any other firearm whatsoever, or any weapon that can be concealed upon your person."[2]

## II. DISCUSSION

Defendant contends these probation conditions are unconstitutionally vague. These challenges raise questions of law, which we review de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129.) We conclude that, with the exception of the trial court's reference to "concealed weapons," the challenged conditions are unconstitutionally vague.

### A. *Applicable Law*

Unconstitutionally vague probation conditions may often be cured by requiring the probationer to know a particular association, place, or item is within a prohibited category. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 892.) For example, a vague condition prohibiting gang associations may be modified to forbid association with any person known to the probationer to be a gang member. (*Ibid.*) However, not every category condition is vague merely because it does not require the probationer to know a particular association, place, or item is within the prohibited category. A probation condition passes constitutional muster so long as it spells out with reasonable specificity what is prohibited in such a way that persons of common intelligence need not guess at its meaning or differ as to its application. (*Id.* at p. 890.) Thus, it is unnecessary to

---

[2] The trial court later signed a written probation order, which sets forth the probation conditions in less detail. To the extent the written order is in conflict with the trial court's oral pronouncements, we find the trial court's oral pronouncement controls. Where the reporter's transcript and clerk's transcript cannot be harmonized, " 'that part of the record will prevail, which, because of its origin and nature or otherwise, is entitled to greater credence.' " (*People v. Smith* (1983) 33 Cal.3d 596, 599.) In this case, there is no indication the trial court intended the written order to modify his prior oral statements concerning probation conditions. (See *People v. Rodriguez* (2013) 222 Cal.App.4th 578, 586.)

require a probationer to know that something falls within a prohibited category when the category is essentially clear.

Frustrated with the "dismaying regularity" of having to "revisit the issue in orders of probation," the Third Appellate District has incorporated, by operation of law, a blanket knowledge requirement into all category conditions. (*People v. Patel* (2011) 196 Cal.App.4th 956, 960.) In our view, the Third District's approach fails to solve the vagueness problem fully because it neither gives " 'adequate notice to those [probationers] who must observe [the conditions'] strictures' " nor sufficiently protects against " ' "the attendant dangers of arbitrary and discriminatory application." ' " (*In re Sheena K., supra*, 40 Cal.4th at p. 890.) Probationers and probation officers cannot be expected to know, understand, and adhere to implied terms that, even if binding on them as a matter of law, are neither expressed by the sentencing court nor set forth in the written probation conditions.

It is also important to distinguish between the knowledge requirement used to make a vague category more precise and mens rea principles. Willfulness is the mens rea that is implicitly required for a probation violation. (*People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.) Put another way, probation may not be revoked unless the evidence shows the probationer's conduct constituted a willful violation of the terms of his or her probation. (*People v. Galvan* (2007) 155 Cal.App.4th 978, 983.) Thus, sentencing courts need not include a requirement that a probationer knowingly violated a condition in order to protect against enforcement of unwitting violations. Moreover, expressly adding a mens rea requirement to a probation condition may not clarify the ambiguity at issue. If reasonable probationers can be confused about what falls within a prohibited category, informing them they cannot knowingly engage in conduct related to that category may still not explain clearly what they are supposed to avoid.

Our colleagues in Division Four recently disapproved of this approach *In re Kevin F.* (2015) 239 Cal.App.4th 351 (*Kevin F.*). Specifically, the court took issue with cases holding probation conditions need not articulate a mens rea requirement. (*Id.* at p. 362.) The court reasoned these cases wrongly "presuppose that the requisite element

3

of mens rea for proof of a violation is readily ascertainable in advance." (*Ibid.*) We respectfully disagree with Division Four's reasoning. Whether or not a mens rea requirement is ascertainable in advance, adding such a requirement does not provide any more or less notice to the probationer as to what types of conduct should be avoided. If probationers are unclear about what a particular probation condition forbids them from doing, informing them they cannot knowingly engage in such conduct may not clarify the ambiguity. And if the probation condition clearly puts probationers on notice of the type of conduct to be avoided, it should be unnecessary to inform the probationers they will violate probation if they engage in that conduct willfully.

*Kevin F.* was also concerned that "the mens rea standard in revocation proceedings is difficult to state with precision." (*Kevin F.*, *supra*, 239 Cal.App.4th at p. 363.) The court acknowledged it is an abuse of discretion for a trial court to revoke probation based upon conduct over which the probationer has no control. (*Id.* at pp. 362–363.) But the court stated that "[b]ecause ' "[t]he terms 'willful' or 'willfully . . .' . . . imply 'simply a purpose or willingness to commit the [prohibited] act . . . ,' without regard to motive, intent to injure, or knowledge of the act's prohibited character" ' [citations], the [mens rea] standard offers little protection against [an] unwitting violation." (*Id.* at p. 363, italics omitted.)

Division Four's concerns may be valid, but we do not believe they are appropriately addressed by adding an express mens rea requirement to every single probation condition issued by our trial courts. If unwitting violations should not result in probation revocation under any circumstance, then a blanket rule should suffice. If there are circumstances under which they should result in revocation, then the issue is better resolved ex post, when the trial court can review the relevant facts. And as discussed above, if the concern is that ambiguous probation conditions will result in unwitting violations, then adding an express mens rea requirement will not always provide probationers with adequate notice of the conduct they should avoid. Finally, we observe that if, as *Kevin F.* suggests, the terms "willful" and "willfully" cannot be defined with precision, adding such terms to probation conditions will add little clarity.

With these principles in mind, we turn to the specific probation conditions at issue here.

## B. *Alcohol Condition*

First, defendant challenges the condition requiring that he "not go to any establishment where alcohol is the chief item of sale." We agree the condition is so ambiguous that defendant could unknowingly violate it. An area where alcohol is the chief item of sale might be, in some instances, a bowling alley, pool hall, or football stadium, even though the primary service being offered is recreational. Likewise, it may not be readily apparent whether alcohol is the chief item of sale at establishments such as convenience stores and bar-and-restaurant facilities. Contrary to the Attorney General's argument, persons of common intelligence may not agree as to whether alcohol sales at such venues are merely ancillary. Accordingly, the probation condition must include an express knowledge requirement to give defendant fair warning of what locations he must avoid.

## C. *Drug Condition*

Defendant also challenges that portion of the drug condition prohibiting him from possessing or using "narcotics, dangerous drugs, or narcotic paraphernalia." He asserts the term "dangerous drugs" is unconstitutionally vague and overbroad, and should be replaced with the term "controlled substances." Defendant's claim has merit, since "dangerous drugs" can be interpreted in different ways. Various drugs could be considered dangerous when used for legitimate medical purposes, even if used with a prescription. In fact, Business and Professions Code section 4022 defines a "dangerous drug" as one that cannot be used without a prescription.[3] Likewise, over-the-counter drugs could be considered dangerous if used in sufficient quantities. The Attorney

---

[3] Specifically, the statute states a dangerous drug is one that is "unsafe for self-use in humans or animals" and includes drugs that bear the legend: " 'Caution: federal law prohibits dispensing without prescription,' 'Rx only,' or words of similar import." (Bus. & Prof. Code, § 4022, subd. (a).) The term also encompasses "Any other drug . . . that by federal or state law can be lawfully dispensed only on prescription . . . ." (*Id.*, § 4022, subd. (c).)

5

General argues "dangerous drugs" is merely shorthand for various classes of narcotics described in the Health and Safety Code. But the current Health and Safety Code does not clearly define the term, and probationers and probation officers may be unfamiliar with this particular shorthand. Accordingly, in the interest of clarity and precision, we further order that "controlled substances" replace "dangerous drugs" in the disputed probation condition. The condition shall also be amended to clarify that defendant may use controlled substances with a valid prescription.

**D. *Weapons Condition***

Next, defendant challenges as imprecise the condition that he not own or possess "any weapon that can be concealed on [his] person." All parties appear to agree the condition clearly prohibits defendant from possessing inherently dangerous weapons designed to cause harm, including firearms, daggers, and brass knuckles. However, defendant argues the condition is vague because it is unclear whether it also prohibits possession of any concealable object capable of being used as a weapon, such as a screwdriver or a wrench. Defendant contends the ambiguity would be remedied if the condition was modified by replacing the term "weapon" with "deadly and dangerous weapon." We are not persuaded. In this context, the condition plainly prohibits the possession of items specifically designed as weapons, as well as other items that defendant may intend to use to inflict great bodily injury. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1183, 1186 [rejecting a challenge to a substantially similar condition].)

Defendant further argues the weapons condition should be modified to include an express knowledge requirement. Otherwise, defendant contends, he could unknowingly violate the condition if he inadvertently comes into possession of a weapon. The argument conflates the issues of vagueness and mens rea. As discussed above, all probation conditions implicitly include a mens rea requirement. Accordingly, regardless of how the probation condition is worded, defendant cannot be held in violation for carrying a concealed weapon if he does so without knowledge of its presence. There is thus no need to modify the condition to add an explicit knowledge requirement. Contrary

6

to defendant's contentions, adding such a requirement is not necessary to provide him with fair warning, since the condition clearly informs him of the kind of conduct he must avoid.

## III.  DISPOSITION

The written probation order is ordered modified to conform to the trial court's oral pronouncement of the probation condition.  The challenged probation conditions shall read:  "You shall not use, possess or have under your custody or control any narcotics, *controlled substances*, or narcotic paraphernalia *without a valid prescription*.  You must abstain from the use of alcoholic beverages and marijuana, and you may not go to any establishment where *you know* alcohol is the chief item of sale."  The weapons condition does not require modification.  In all other respects, the judgment is affirmed.


_____
Margulies, J.


We concur:


_____
Humes, P.J.


_____
Dondero, J.

7

A141836
*People v. Gaines*


Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. Nancy Davis Stark

Counsel:

Charles Marson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Jeffrey M. Laurence, Assistant Attorneys General, Donna M. Provenzano and Joan Killeen, Deputy Attorneys General, for Plaintiff and Respondent.