Filed 1/12/16  P. v. Schneider CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL THEODORE SCHNEIDER,<br><br>    Defendant and Appellant. | A144612<br><br>(Sonoma County<br>Super. Ct. No. SCR-658220) |

In this appeal we are once again asked to review a probation condition and decide whether it is vague, needing modification by this court.  Eventually, this topic *du jour* of criminal appeals will be resolved by our Supreme Court when it decides *People v. Hall* (2015) 236 Cal.App.4th 1124, review granted September 9, 2015, S227193.  Until that happens, these challenges will remain on appellate dockets.  In this case, we affirm the condition precluding possession of weapons by appellant.

Appellant was charged in a criminal complaint filed December 23, 2014, with attempting to deter by means of threats and violence an executive officer from performing a duty, a violation of Penal Code section 69[1] (count 1), and resisting, delaying, and obstructing a peace officer in the attempt to discharge a duty, a violation of section 148, subdivision (a) (count 2).

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

Appellant entered a plea of no contest to a felony violation of section 69 on January 20, 2015. On February 26, 2015, the trial court sentenced appellant to three years' probation and ordered him to serve six months in the county jail as a condition of probation. Count 2 was dismissed. The court orally stated the challenged condition in the following manner: "You have been convicted of a felony, you may not use or possess any firearms or ammunition or other weapons, but as to firearms and ammunition there is a lifetime ban with regard to your possession or control of those weapons and ammunition." The clerk's minutes of the sentencing hearing states the following language on the condition challenged: "Defendant not to own, possess, have under custody or control any firearms or ammunition pursuant [to] Federal & State Law. [¶] Possess NO weapons."

Appellant filed an appeal on March 18, 2015.

### DISCUSSION

Appellant contends the probation condition ordering him to possess no weapons is unconstitutionally vague and should be modified. He argues the condition should be modified to read: "Defendant shall not knowingly possess any dangerous or deadly weapons."

Regarding the challenged probation condition in this case, we make certain initial observations. It is an implicit "condition" of probation all probationers must avoid criminal conduct and obey all laws. (*People v. Cortez* (1962) 199 Cal.App.2d 839, 844; 3 Witkin, Cal. Criminal Law (4th ed. 2012) Punishment, § 669, p. 1079.) Any articulation of this condition is not necessary. In *Cortez,* the probationer violated the law by illegally reentering the United States after he was deported. That arrest not only subjected him to a new criminal prosecution, it was a valid basis to revoke his probation. (*Cortez*, at pp. 843–844.) In our case, the trial court advised appellant he could not possess any firearms or ammunition because he was a convicted felon. Appellant does not dispute that, because he is a convicted felon, he has a lifetime ban on possessing

2

firearms and ammunition.  (§§ 29800, subd. (a)(1); 30305, subd. (a).)  As to firearms and ammunition, there is no need to further define the prohibition; paraphrasing Gertrude Stein, a firearm is a firearm.  (See *People v. Moore* (2012) 211 Cal.App.4th 1179, 1186; *People v. Freitas* (2009) 179 Cal.App.4th 747, 752.)

Regarding appellant's challenge to the prohibition against possession of "other weapons," we do not believe the trial court was obligated to expressly include a knowledge element in the condition.  Instead, we believe this condition as a matter of law contains an implicit "willfulness" element and that is the proper legal threshold for violating a general weapons prohibition.

We observe that, generally, *willfulness* is the mens rea implicitly required for a probation violation.  (*People v. Gaines* (2015) 242 Cal.App.4th 1035, 1039 (*Gaines*); *People v. Cervantes* (2009) 175 Cal.App.4th 291, 295.)  Before a court will revoke probation, the prosecution should demonstrate the conduct alleged was a willful violation of probation.  (*People v. Galvan* (2007) 155 Cal.App.4th 978, 983.)  When the court imposes a probation condition, the due process concern is whether appellant has received "adequate notice" of the restriction.  (*People v. Moore, supra,* 211 Cal.App.4th at p. 1188.)  In dealing with weapon conditions generally, we do not believe a probationer will fret over what conduct is prohibited.  Instead, he might be concerned over what will be the consequences if he accidentally possesses "a weapon"—an item he would otherwise fully recognize is prohibited by the condition.  However, by imposing the *legal condition* appellant's possession of a weapon be willful, he is protected from being punished for innocent possession of the item objectively considered a weapon.  Candidly, an explicit knowledge requirement argued by appellant adds little to the condition.  With this understanding, we see little need to impose further express restrictions on the particular weapons condition imposed in this case.  No probationer can be viewed as violating his or her probation when the issue is possession of weapons or ammunition without proof by a preponderance of the evidence the conduct was willfully done.

3

As we have previously observed:  "[E]xpressly adding a mens rea requirement to a probation condition may not clarify the ambiguity at issue.  If reasonable probationers can be confused about what falls within a prohibited category, informing them they cannot knowingly engage in conduct related to that category may still not explain clearly what they are supposed to avoid."  (*Gaines*, *supra*, 242 Cal.App.4th at p. 1039.) Furthermore "regardless of how the probation condition is worded, [appellant] cannot be held in violation [here] . . . if he does so without knowledge of its presence.  There is thus no need to modify the condition to add an explicit knowledge requirement.  Contrary to [appellant's] contentions, adding such a requirement is not necessary to provide him with fair warning, since the condition clearly informs him of the kind of conduct he must avoid."  (*Gaines,* at p. 1042.)[2]

## CONCLUSION

Based on the implicit realities of the weapon condition in this matter, we affirm the condition as stated by the trial court.  Furthermore, no correction of the minute order is needed.

## DISPOSITION

The judgment is affirmed.

---

[2] We note appellant and his counsel suggested they understood the probation condition now challenged.  When the court announced the probation terms, no questions were raised regarding its meaning.  No objection was stated. If there was uncertainty regarding the meaning of the condition, the record is silent on this point.

4

_____
DONDERO, J.

We concur:


_____
HUMES, P.J.


_____
BANKE, J.