Filed 1/24/24  P. v. Quiroz CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SANTIAGO MALDONADO QUIROZ,<br><br>Defendant and Appellant. | F085117<br><br>(Super. Ct. No. MCR032599)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Madera County.  Ernest J. LiCalsi, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Franson, J. and Snauffer, J.

## INTRODUCTION

In 2022, the trial court determined that appellant Santiago Maldonado Quiroz had violated probationary terms that had been imposed against him in 2008 for a period of five years. After determining appellant was in violation, the court sentenced him to prison. The parties agree, as do we, that insufficient evidence supports the trial court's finding that appellant had violated the terms of the 2008 probation. As a result, we reverse appellant's judgment. The trial court shall alert the California Department of Corrections and Rehabilitation (CDCR) that this criminal judgment is no longer in effect.

## BACKGROUND

In August 2008, appellant pleaded guilty in Madera County Superior Court to one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)). In September 2008, the trial court suspended imposition of sentence and appellant was placed on formal probation for five years. Among other terms, appellant was required to report to the probation department within one court day of his release from custody. He was also ordered to report monthly to his probation officer, or as otherwise directed. He was ordered to report to his probation officer if he reentered the United States. Finally, he was instructed he could not reenter the United States illegally.

Court records reflect that appellant was in law enforcement custody from July 24, 2008, through November 19, 2008. On or about October 6, 2008, the process to deport appellant to Mexico was commenced.

In February 2009, the probation department filed a petition to revoke appellant's probation. The probation department alleged that appellant had failed to report as ordered. That month, the trial court revoked probation and issued a bench warrant for appellant's arrest.

About 14 years after appellant was deported, a criminal complaint was filed against him in Madera County Superior Court alleging he had committed simple battery

2.

on a particular individual, and appellant had resisted arrest. It was alleged that the misdemeanor simple battery had occurred on June 27, 2022.

On September 9, 2022, the probation department filed an amended petition requesting a hearing regarding appellant's alleged violation of probation. It was alleged that appellant had violated conditions requiring him to report to his probation officer upon reentry to the United States or monthly (or as otherwise directed).

In September 2022, a violation of probation hearing was conducted. The trial court learned that, on June 28, 2022, appellant had been arrested and booked into jail. At that point, the probation department had discovered that appellant had reentered the United States following his deportation in 2008. Before his arrest in 2022, appellant had never contacted his probation officer or reported to the probation department.

Following presentation of evidence at the violation of probation hearing, the trial court ruled that appellant had violated the terms of his 2008 probation. In October 2022, the court sentenced appellant to prison for two years for his 2008 criminal conviction.

On November 22, 2022, the prosecution moved to dismiss the misdemeanor criminal matter that had been filed against appellant which had triggered the violation of probation hearing. The trial court granted that motion. The present appeal followed.

## DISCUSSION

The parties agree that insufficient evidence was introduced at the hearing to support the trial court's order finding a violation of probation. Specifically, the parties agree that the evidence fails to demonstrate a willful violation of probation. We agree with the parties.

The facts supporting a violation of probation must be established by a preponderance of the evidence. (*People v. Rodriguez* (1990) 51 Cal.3d 437, 439.) The evidence must support a conclusion that the probationer willfully violated a term of probation. (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186.) We use the substantial evidence standard to review the trial court's order finding a violation of

probation. (*People v. Urke* (2011) 197 Cal.App.4th 766, 773.) The issue is whether the trial court abused its discretion. (See *People v. Rodriguez*, *supra*, 51 Cal.3d at p. 443 [trial courts are granted very broad discretion to determine if a violation of probation has occurred].)

In this matter, appellant's five-year probation was tolled. However, that tolling did not extend the period of probation. Instead, the tolling only extended the lower court's jurisdiction to adjudicate whether appellant had violated its terms. (See *People v. Leiva* (2013) 56 Cal.4th 498, 518.)

The evidence at the hearing established that appellant was deported to Mexico in 2008. Before appellant was deported, he was in custody from July 24, 2008, through November 19, 2008. As such, we agree with the parties that appellant's failure to report to his probation officer in 2008 cannot be considered willful. (See *People v. Galvan* (2007) 155 Cal.App.4th 978, 983 [no willful failure to report to probation when defendant was immediately deported from country].)

Moreover, the record does not demonstrate when appellant reentered the United States. Accordingly, we further agree with the parties that no evidence established that appellant was present in the United States during the five-year probationary period. As such, substantial evidence fails to show that appellant willfully failed to report during the duration of this probation. (See *People v. Galvan*, *supra*, 155 Cal.App.4th at pp. 982–983 [absence of evidence showing when probationer reentered the country requires reversal of judgment].)

Based on the facts introduced at this hearing, the parties are correct that insufficient evidence was introduced to establish that appellant willfully violated the terms of his five-year probation, which was imposed in 2008.[1] Accordingly, the trial

---

[1] We also note that, effective January 1, 2021, Assembly Bill No. 1950 (Stats. 2020, ch. 328, § 2) reduced the maximum duration of probation in most felony cases two years.

court abused its discretion.  As such, we reverse the trial court's order that found a violation of probation.  Appellant's criminal judgment is likewise reversed.  (See *People v. Galvan*, *supra*, 155 Cal.App.4th at p. 986; *People v. Buford* (1974) 42 Cal.App.3d 975, 987.)

## DISPOSITION

The order finding a violation of probation is reversed for insufficient evidence.  Appellant's criminal judgment is reversed.  The trial court shall notify CDCR that this criminal judgment is no longer in effect.

---

(See Pen. Code, § 1203.1, subd. (a).)  Assembly Bill No. 1950 applies retroactively to nonfinal cases.  (*People v. Prudholme* (2023) 14 Cal.5th 961, 963.)